OSCAR M. COOK v. NORVELL-MACKORELL REAL ESTATE COMPANY AND
AETNA LIFE AND CASUALTY COMPANY

No. 8910IC1281

(Filed 3 July 1990)

1. **Master and Servant § 96.3 (NCI3d) — workers' compensation — jurisdictional question — independent appellate review of jurisdictional facts**

    Jurisdictional facts found by the Industrial Commission were not binding on the Court of Appeals in an action raising the jurisdictional question of whether an employment relationship within the Act existed between plaintiff and defendant Norvell-Mackorell at the time of the accident.

    **Am Jur 2d, Workmen's Compensation §§ 128, 153, 167-175.**

2. **Master and Servant § 50 (NCI3d) — workers' compensation — statutory employer — independent contractor**

    N.C.G.S. § 97-19, the statutory employer statute, may apply as between two independent contractors, but does not apply between a principal and an independent contractor. An independent contractor is one who exercises an independent employment and contracts to do certain work according to his own judgment and method, without being subject to his employer except as to the result of his work.

    **Am Jur 2d, Workmen's Compensation §§ 128, 153, 167-175.**

3. **Master and Servant § 50.1 (NCI3d) — workers' compensation — subject matter jurisdiction — defendant not statutory employer**

    The Industrial Commission properly concluded that it did not have subject matter jurisdiction over plaintiff's claim against defendant Norvell-Mackorell where Norvell-Mackorell operated a rental management business, in the course of which it managed Briarcreek apartments, where plaintiff's injuries occurred during a roofing project; Norvell-Mackorell's usual practice when major repairs at Briarcreek were necessary was to procure price quotes from several contractors and submit such quotes to the owners for their authorization, subsequently engaging the contractor authorized by the owners; the management agreement with the owners of Briarcreek contained no provision requiring Norvell-Mackorell to perform major repairs or

renovations for the apartment complex; Norvell-Mackorell engaged Rainbow Roofing pursuant to the owners' authorization; Norvell-Mackorell neither required from Rainbow Roofing nor obtained from the Industrial Commission a certificate that Rainbow Roofing had complied with N.C.G.S. § 97-19; Norvell-Mackorell paid Rainbow Roofing out of its general rental management account, which expense was reimbursed by the owners of Briarcreek; Norvell-Mackorell received no additional compensation for the roofing project; Norvell-Mackorell was neither contractually obligated to replace the shingles on the roofs at the apartment buildings nor permitted to exercise its independent judgment in engaging Rainbow Roofing; and Norvell-Mackorell was accordingly not an independent contractor, but merely an agent for the owners, and was not plaintiff's statutory employer.

**Am Jur 2d, Workmen's Compensation §§ 128, 153, 167-175.**

APPEAL by plaintiff from opinion and award entered 24 July 1989 by the North Carolina Industrial Commission. Heard in the Court of Appeals 5 June 1990.

Plaintiff instituted this action in the Industrial Commission pursuant to the provisions of the North Carolina Workers' Compensation Act, seeking compensation for injuries sustained during employment. At the 16 November 1988 proceedings before the deputy commissioner, the evidence tended to establish that on 19 December 1987 plaintiff was injured while employed as a roofer by defendant Kenneth Owens, d/b/a Rainbow Roofing Company ("Rainbow Roofing," not a party to this appeal), an unincorporated business that carried no workers' compensation insurance as required by G.S. § 97-93. On this date, Rainbow Roofing was undertaking a roofing repair project at Briarcreek Apartments ("Briarcreek") in Valdese, North Carolina that involved replacing the shingles on all five apartment buildings in the Briarcreek complex. Rainbow Roofing had been engaged to perform this work by defendant-appellee Norvell-Mackorell Real Estate Company ("Norvell-Mackorell"). Norvell-Mackorell was under contract with the owners of Briarcreek to perform certain real estate management services, including leasing and maintaining Briarcreek, as well as collecting rent. At the time Rainbow Roofing was engaged to undertake the roofing project at Briarcreek, Norvell-Mackorell neither required from Rainbow Roofing nor obtained from the Industrial Commission

a certificate stating that Rainbow Roofing had complied with G.S. § 97-93.

By opinion and award filed 2 December 1988, the deputy commissioner awarded plaintiff compensation as against defendant Owens, but dismissed plaintiff's claim against defendants Norvell-Mackorell and its insurance carrier, Aetna Life and Casualty Company, for lack of subject matter jurisdiction. This dismissal was based on the deputy commissioner's finding and concluding that Norvell-Mackorell was an agent for the owners of Briarcreek, rather than a principal, intermediate, or subcontractor, and therefore was not subject to G.S. § 97-19, the "statutory employer" provision.

Plaintiff duly appealed to the full Commission from that portion of the deputy commissioner's opinion and award dismissing his claim against Norvell-Mackorell. By opinion and award entered 24 July 1989, the full Commission affirmed and adopted as its own the opinion and award of the deputy commissioner. Plaintiff appeals.

*Simpson, Aycock, Beyer & Simpson, P.A., by Louis E. Vinay, Jr., for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Scott M. Stevenson and Howard M. Widis, for defendant-appellees.*

WELLS, Judge.

[1] Plaintiff brings forward a single argument challenging the Commission's finding and concluding that defendant Norvell-Mackorell was acting as agent for the owners of the property in procuring roofing services from plaintiff's employer, Rainbow Roofing, and therefore was not plaintiff's statutory employer within the meaning of G.S. § 97-19 of the North Carolina Workers' Compensation Act. Because this raises the jurisdictional question of whether an employment relationship within the Act existed between plaintiff and Norvell-Mackorell at the time of the accident, the jurisdictional facts found by the Commission, though supported by competent evidence, are not binding on this Court. *Youngblood v. North State Ford Truck Sales*, 321 N.C. 380, 364 S.E.2d 433 (1988) (and cases cited therein). Instead, we are required to review the evidence of record and make independent findings of jurisdictional facts established by the greater weight of the evidence with regard to plaintiff's employment status. *Id.*

COOK v. NORVELL-MACKORELL REAL ESTATE CO.

[99 N.C. App. 307 (1990)]

[2]  G.S. § 97-19 provides in pertinent part:

> Any principal contractor, intermediate contractor, or subcon-
> tractor who shall sublet any contract for the performance of
> any work without requiring from such subcontractor or obtain-
> ing from the Industrial Commission a certificate . . . stating
> that such subcontractor has complied with G.S. 97-93 [requiring
> that employers carry workers' compensation insurance] . . .
> shall be liable . . . to the same extent as such subcontractor
> would be if he were subject to the provisions of this Article
> for payment of compensation and other benefits . . . on account
> of injury or death of . . . any employee of such subcontractor
> due to an accident arising out of and in the course of the
> performance of work covered by such subcontract.

(We note that the amendments to G.S. § 97-19, effective 13 July
1989, are neither applicable to the present case nor germane to
the rationale upon which our holding is based.)

This is the so-called "statutory employer" or "contractor under"
statute. It is an exception to the general definitions of "employ-
ment" and "employee" set forth at G.S. § 97-2 and was enacted
by the Legislature to deliberately bring specific categories of con-
ceded nonemployees within the coverage of the Act for the purpose
of protecting such workers from "financially irresponsible sub-
contractors who do not carry workmen's compensation insurance,
and to prevent principal contractors, intermediate contractors, and
sub-contractors from relieving themselves of liability under the
Act by doing through sub-contractors what they would otherwise
do through the agency of direct employees." *Withers v. Black*,
230 N.C. 428, 53 S.E.2d 668 (1949); *Green v. Spivey*, 236 N.C. 435,
73 S.E.2d 488 (1952); *see also* Larson *The Law of Workmen's Com-
pensation*, vol. 1C § 49.00 *et seq.* G.S. § 97-19, by its own terms,
cannot apply unless there is first a contract for the performance
of work which is then sublet. Consequently, G.S. § 97-19 may apply
as between two independent contractors, one of whom is a subcon-
tractor to the other; but it does not apply as between a principal,
*i.e.*, an owner, and an independent contractor. *See Beach v. McLean*,
219 N.C. 521, 14 S.E.2d 554 (1941).

Plaintiff contends that, although Norvell-Mackorell may have
been an agent of the owners of Briarcreek for purposes of leasing
apartments and collecting rent, it was nevertheless a principal con-
tractor with respect to the roofing work performed by Rainbow

## COOK v. NORVELL-MACKORELL REAL ESTATE CO.

[99 N.C. App. 307 (1990)]

Roofing and thus falls within G.S. § 97-19. Alternatively, plaintiff contends that the owners of the apartment complex were in a dual status, being both owners of the property and principal contractors with respect to the maintenance thereof. Consequently, Norvell-Mackorell, by virtue of its contract of maintenance with the owners, occupied a position of an intermediate contractor (*i.e.*, a first-tier subcontractor) with respect to the roofing work performed by Rainbow Roofing, plaintiff's employer. We reject both arguments.

It is clear that both of plaintiff's contentions rest upon the single premise that Norvell-Mackorell was not an agent for the owners of Briarcreek, merely obligated under the management agreement to procure on behalf of the owners a suitable party to replace the shingles on the roofs of the buildings within that apartment complex, but rather an independent contractor with the owners of Briarcreek, contractually obligated to itself perform this work, which obligation Norvell-Mackorell sublet to Rainbow Roofing. It has long been the rule in this State that an independent contractor is one "who exercises an independent employment and contracts to do certain work according to his own judgment and method, without being subject to his employer except as to the result of his work." *Youngblood, supra* (and cases cited therein).

[3] Having carefully reviewed the evidence of record, we find the following jurisdictional facts to be established by the greater weight of the evidence: that on the date of the accident, Norvell-Mackorell operated a rental management business, in the course of which it managed Briarcreek apartments where the roofing project was being performed and plaintiff received his injuries; that when major repairs at Briarcreek were necessary, Norvell-Mackorell's usual practice under its management agreement with the owners of Briarcreek was to procure price quotes from several contractors and submit such quotes to the owners for their authorization, subsequently engaging the contractor authorized by the owners to perform the work; that the management agreement with the owners of Briarcreek contained no provision requiring Norvell-Mackorell to perform major repairs or renovations to the apartment complex as part of its duties; that pursuant to the owners' authorization, Norvell-Mackorell engaged Rainbow Roofing to perform the roofing project at Briarcreek; that Norvell-Mackorell neither required from Rainbow Roofing nor obtained from the Industrial Commission a certificate that Rainbow Roofing had complied with G.S. § 97-19;

that Norvell-Mackorell paid Rainbow Roofing out of its general rental management account, which expense was reimbursed by the owners of Briarcreek; and that Norvell-Mackorell received no additional compensation for the roofing project beyond that ordinarily received by it for the performance of its management duties.

We therefore conclude that Norvell-Mackorell was neither contractually obligated to replace the shingles on the roofs of the apartment buildings at Briarcreek nor permitted to exercise its independent judgment in engaging Rainbow Roofing to perform this work. Norvell-Mackorell accordingly was not an independent contractor with the owners of Briarcreek within the standards set forth in *Youngblood, supra,* with respect to the work performed to repair the roofs, but merely an agent for the owners, and thus had no contract to replace the roofing shingles which it could sublet to Rainbow Roofing. For these reasons, Norvell-Mackorell cannot be plaintiff's statutory employer within the meaning of G.S. § 97-19, notwithstanding its failure to ascertain Rainbow Roofing's compliance with the provisions of G.S. § 97-93. Hence, the Industrial Commission properly concluded that it did not have subject matter jurisdiction over plaintiff's claim against Norvell-Mackorell and correctly dismissed this claim.

For the reasons stated, the opinion and award of the Commission dismissing plaintiff's claim against Norvell-Mackorell must be and is

Affirmed.

Judges EAGLES and LEWIS concur.