Defendant appeals the determination that plaintiff was his "statutory employee" pursuant to N.C.G.S. § 97-19 due to a principal contractor/subcontractor relationship at the time of the accident.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS from the Opinion and Award of the Deputy Commissioner the following
FINDINGS OF FACT
1. Plaintiff is a fifty-six year old married male who sustained an injury while working at 199 Dogwood Trail, Waynesville, North Carolina on September 16, 1991 when he fell while sealing the roof of said residence.
2. The residence is owned by Mr. and Mrs. Gumpert, whose principle residence is in Maryland; the Waynesville address being a summer home.
3. Prior to negotiating the purchase of the Waynesville house, the Gumperts obtained an estimate from defendant for necessary repairs to the house in the amount of $25,000.00 to $26,000.00. In obtaining this estimate, the Gumperts relied on defendant's expertise in determining the repairs which needed to be made to the residence. Subsequently, the Gumperts' bid on the property was accepted and they entered into a verbal contract with defendant to act as a general contractor to commence the renovations on the residence. Defendant who is retired on Social Security, has general contractor's licenses in North Carolina and in Florida.
4. Defendant commenced work on the residence around Labor Day, 1991 and the work on the residence continued until November 1991.
5. As work progressed on the residence, defendant would ask the Gumperts for withdrawals, receiving $5,000.00 on September 11, 1991, $4,000.00 on September 25, 1991, $10,000.00 on October 10, 1991, $5,000.00 on November 4, 1991 and a final payment in November 1991 of $11,312.05 for a total contract price of $35,312.05. The difference between the original estimate and costs of the renovation being attributable to additional problems with the residence which were not readily apparent and discoverable by defendant when the original estimate was given.
6. As evidenced by the final accounting defendant presented to the Gumperts, defendant contracted with several subcontractors, arranged for the purchasing and delivery of materials and used two of his employees in the course of performing renovations at the Gumpert residence. The subcontractors hired by defendant were not subject to approval by the Gumperts and defendant exercised his independent judgement in deciding who to use in performing the work. The Gumperts, who as aforementioned resided out-of-state, were not available and the details in carrying out the renovations were left to the control of the defendant.
7. Plaintiff, who prior to September 1991 had previously done sealing and painting work for defendant on three prior occasions on houses on which defendant was working, was contacted by defendant and asked to view the Gumpert residence for the purposes of submitting a bid as to the necessary painting and sealing repairs. Mrs. Gumpert happened to be at the property when plaintiff came by to view the premises, and on this occasion plaintiff informed Mrs. Gumpert the residence needed caulking as well as painting and sealing. Plaintiff advised Mrs. Gumpert while at the residence that he would agree to caulk the premises for an additional $514.00. However, defendant subsequently determined that plaintiff's figure was too high, and plaintiff wad paid $412.00. Furthermore, defendant agreed to hire the plaintiff to perform the painting and sealing work on the residence for $1,200.00.
8. The final accounting submitted by defendant for his work on the residence reveals he received compensation in the amount of fifteen percent of his total expenditures. Included in this amount was fifteen percent of the $1,612.00 paid to plaintiff for all the work plaintiff did on the residence including the caulking.
9. Mrs. Gumpert personally contracted with a couple of subcontractors to perform some stonework and steam cleaning on the property and also discussed with plaintiff the caulking of the residence, which both defendant and plaintiff informed Mrs. Gumpert was necessary. It is undisputed that when plaintiff fell on September 16, 1991 he was engaged in the activity of sealing the roof. When plaintiff fell on September 16, 1991, he was engaged in the work which he had been hired to do for defendant as part of defendant's agreement with the Gumperts regarding renovations to the residence.
10. On September 16, 1991, neither plaintiff nor defendant were insured and defendant did not obtain a certificate verifying worker's compensation insurance from plaintiff or the Industrial Commission prior to subletting the contract to plaintiff.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. On September 16, 1991, there existed a contract between defendant and the owners of the property whereby defendant was acting as the general contractor in charge of completing the renovations of said property. N.C. Gen. Stat. § 97-19;See, Cook v. Norvell-Mackorell Real EstateCompany, 99 N.C. App. 307, 312, 392 S.E.2d 758 (1990).
2. Plaintiff's injury arose out of and in the course of the performance of work covered by the subcontract between plaintiff and defendant. Defendant was the principle contractor, and sublet the work to plaintiff without requiring from plaintiff or obtaining from the Industrial Commission, a certificate issued by the Industrial Commission stating that plaintiff, the sub-contractor, had complied with the provisions of N.C. Gen. Stat. § 97-93 relative to having obtained workers' compensation insurance or being a duly qualified self-insured. Defendant is liable to plaintiff for compensation benefits payable as a result of the injury by accident giving rise hereto. N.C. Gen. Stat. §97-19.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. It is hereby ORDERED that this matter be reset for hearing on the Waynesville docket for resolution of the remaining issues in this matter.
2. No costs are assessed at this time.
 S/ __________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _________________________ FORREST H. SHUFORD, II SPECIAL DEPUTY COMMISSIONER
S/ __________________ COY M. VANCE COMMISSIONER
JRW/RCH/tmd 12/12/94