***********
This matter was reviewed by the Full Commission based upon the record of the proceedings before Deputy Commissioner Dollar, along with the briefs and arguments on appeal. The Full Commission AFFIRMS the Deputy Commissioner's holding and enters the following Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matter of law the following which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the defendant WNC Pallet and Forest Products were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
2. The defendant Leo Morgan was non-insured at all relevant times.
3. The defendant WNC Pallet and Forest Products was a duly qualified self-insured with Key Risk Management Services, Inc., as its servicing agent.
4. On August 16, 1999, Alvin Mitchell Beddingfield (hereinafter, the decedent) was killed when he was hit in the head by a falling tree while logging.
5. The issues for determination are:
 a. Whether the plaintiff was an employee of defendant-Leo Morgan on August 16, 1999?
 b. Whether defendant-Leo Morgan was an employee or subcontractor of defendant WNC Pallet?
 c. If decedent's fatal injuries are compensable, what was his average weekly wage?
 d. Did defendant WNC Pallet fail to obtain a certificate of insurance from defendant Leo Morgan?
 e. Did defendant Leo Morgan regularly employ three or more employees?
 f. Is defendant WNC Pallet liable for payment of death benefits as a result of the decedent's death?
6. The following exhibits were stipulated into the record:
a. Plaintiff's Exhibit 1 — Wood Products Contract;
b. Plaintiff's Exhibit 2 — Decedent's Death Certificate;
 c. Plaintiff's Exhibit 3 — Leo Morgan's Answers to Plaintiff's Interrogatories;
 d. Plaintiff's Exhibit 4 — Leo Morgan's Second Set of Answers to Interrogatories;
 e. Plaintiff's Exhibit 5 — WNC's Answers to Plaintiff's Interrogatories;
f. Plaintiff's Exhibit 6 — WNC's Supplemental Answers;
g. Plaintiff's Exhibit 7 — WNC's Supplemental Answers;
h. Plaintiff's Exhibit 9 — WNC's Production of Documents;
 i. Plaintiff's Exhibit 10 — Leo Morgan's Production of Documents;
j. Defendant's Exhibit 1 — Decedent's 1999 Tax Return;
k. Defendant's Exhibit 2 — Decedent's 1998 Tax Return;
l. Defendant's Exhibit 3 — Decedent's 1997 Tax Return;
m. Defendant's Exhibit 4 — Decedent's 1996 Tax Return;
n. Defendant's Exhibit 5 — Decedent's 1096/1099 Forms.
 ***********
Based upon the evidence of record, the Full Commission enters the following:
 FINDINGS OF FACT
1. Defendant WNC Pallet regularly purchased timber boundaries to be logged. The lumber was processed at their sawmills to be sold for furniture manufacturing or to be made into pallets. Defendant WNC Pallet contracted with at least twenty (20) loggers to cut and deliver wood.
2. Defendant Leo Morgan operated a logging company which had worked as a contractor for defendant-WNC Pallet for approximately fifteen years. Mr. Morgan also performed other logging work on occasion.
3. On or about June 7, 1999, defendant WNC Pallet entered a wood products sale contract with Champion International Corporation for the purchase of timber in Cocke County, Tennessee.
4. Defendant WNC Pallet entered a verbal agreement with defendant Leo Morgan to log on the Cocke County boundary. Under the terms of the agreement, defendant Leo Morgan was to cut timber and provide his own tools in accordance with his own knowledge and skill. Leo Morgan was free to hire loggers to perform the logging in a workmanlike manner.
5. Defendant Leo Morgan had two employees, his brother James and his son Robbie, for whom he withheld taxes and Social Security.
6. In April or 1999, the decedent called Leo Morgan for work. Mr. Beddingfield had operated his own logging and tree service, but needed additional work, as his business was slow. In subsequent calls, the decedent indicated that he would provide his own saw and would work for $100.00 per day in cash. Mr. Beddingfield stated he would handle his own taxes and insurance.
7. Leo Morgan and Alvin Mitchell Beddingfield verbally agreed to work for a limited time together, with Mr. Beddingfield's status being one of an independent contractor and not an employee.
8. As Mr. Beddingfield's driver's license had been suspended as a condition of his probation, Leo Morgan agreed to pick him up and drive him to the logging site. The two men further agreed that when Beddingfield had other work, he would not be at Orr's Restaurant to be picked up.
9. In the Spring of 1999, Mr. Beddingfield worked with Leo Morgan at a logging site in Woodfin. By June of 1999, Mr. Morgan moved his logging work to the Cocke County, Tennessee site.
10. During the 28-29 days Beddingfield logged on Mr. Morgan's jobs, he provided his own tools and exercised his own judgment in the manner of performing the work.
11. In approximately July of 1999, Mr. Beddingfield sustained a head injury while logging at the Cocke County site for Leo Morgan. Mr. Beddingfield did not seek to file a workers' compensation claim for his injuries nor did he request that Mr. Morgan pay for medical treatment for the 30 stitches he required.
12. Although the Beddingfield's tax return reflected an estimated earning of $13,970.00 from Leo Morgan, this is rejected as not being credible based upon the testimony of the tax preparer, who indicated she was instructed to estimate the earning. Rather, the competent evidence in the record supports a finding that Leo Morgan paid the decedent $2,800.00 for the logging work done from April 1999 until the date of the fatal injury.
13. Pursuant to the terms of the Wood Products Contract with Champion, defendant WNC Pallet purchased the timber on the Cocke County site. As the purchaser, WNC Pallet became the owner of the timber. Therefore, when WNC Pallet contracted with defendant Leo Morgan to log a portion of the site, WNC Pallet did so as the owner of the timber and not as the principal contractor.
14. Alvin Mitchell Beddingfield was an independent contractor, performing logging work on two job sites with Leo Morgan's logging business.
 ***********
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Under the North Carolina Workers' Compensation Act, an injured person can recover workers' compensation benefits only if he is an employee of the one from whom he seeks compensation at the time he is injured. Richards v. Nationwide Homes, 263 N.C. 295, 139 S.E.2d 645
(1965). In this case, the decedent performed logging as an independent contractor for Leo Morgan.
2. In the alternative, plaintiff contends defendant WNC Pallet should be held liable. However, N.C. GEN. STAT. § 97-19 does not apply in this case. Cook v. Norvell-Mackorell Real Estate Co., 99 N.C. App. 307,392 S.E.2d 758 (1990), citing Beach v. McLean, 219 N.C. 521, 14 S.E.2d 554
(1941), N.C. GEN. STAT. § 97-19 may apply as between two independent contactors, one of whom is a subcontractor to the other; but it does not apply as between a principal, i.e., an owner, and an independent contractor.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission AFFIRMS the holding of the Deputy Commissioner and enters the following:
 ORDER
1. The plaintiff's claim for workers' compensation death benefits is, and must be, DENIED.
2. Each side shall pay its own costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/____________________ THOMAS JEFFERSON BOLCH COMMISSIONER