AKHTAR MASOOD, EMPLOYEE, PLAINTIFF v. ERWIN OIL COMPANY, EMPLOYER, AND EMC INSURANCE COMPANIES, CARRIER, DEFENDANTS

No. COA06-322

(Filed 16 January 2007)

**Workers' Compensation— statutory employer—independent oil company and convenience store—contractor/subcontractor relationship**

Defendant, a wholesale petroleum dealer, was a statutory employer of a convenience store cashier under N.C.G.S. § 97-19 for workers' compensation purposes where defendant had a contractor/subcontractor relationship with the uninsured con-

venience store owner, and the store owner markets and sells gasoline which defendant is required to do by its contract with the producer (Amoco), notwithstanding defendant and the store owner also have a landlord/tenant relationship.

Judge HUNTER dissenting.

Appeal by plaintiff from opinion and award entered by the North Carolina Industrial Commission on 23 November 2005. Heard in the Court of Appeals 18 October 2006.

*Patterson Harkavy, L.L.P., by Leto Copeley, for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Bryson & Anderson, L.L.P., by Phillip J. Anthony and Kathrine Downing Fisher, for defendant-appellee.*

HUDSON, Judge.

Plaintiff filed a workers' compensation claim on 23 February 2000 against plaintiff's uninsured employer, Iftikhar Taj Abbasi ("Abbasi"), who does business as Tri-Star Amoco Food Shop ("Tri-Star Amoco"), and against Erwin Oil Company ("Erwin Oil") as a statutory employer pursuant to N.C. Gen. Stat. § 97-19 (2002). The workers' compensation case was stayed while plaintiff proceeded with a tort action against both Abbasi and Erwin Oil. Plaintiff dismissed his workers' compensation and civil claims against Abbasi after reaching a settlement with that employer's general liability insurance carrier. He also dismissed his civil suit against Erwin Oil. Plaintiff's workers' compensation claim against Erwin Oil was heard before the deputy commissioner on 10 September 2003. On 15 April 2004, the deputy commissioner issued an opinion and award finding that N.C. Gen. Stat. § 97-19 did not apply to plaintiff's employment. Plaintiff appealed to the Full Commission, which issued a decision denying plaintiff's claim on 23 November 2005. Plaintiff appeals. We reverse and remand.

The evidence tends to show the following facts. On 6 August 1999, plaintiff was shot in the neck by an armed assailant while working as a cashier for Abbasi at Tri-Star Amoco. Plaintiff sustained serious injury from the shooting. Erwin Oil Company is a "jobber," or wholesaler, of petroleum; Erwin Oil buys gasoline from a producer, such as Amoco, and resells it. Erwin Distributing Corporation owns

the real estate upon which Tri-Star Amoco is located and it leases that real estate to Erwin Oil. Erwin Oil owns the underground tanks and pumps or equipment connected to those tanks. Abbasi leases the convenience store and equipment from Erwin Oil and operates the store with his own employees. Erwin Oil supplies Abbasi with gasoline on consignment for sale at Tri-Star Amoco and Abbasi receives a commission per gallon of gasoline sold. Abassi's role is known in the industry as a "jobber-dealer." At the time of plaintiff's injury, Erwin Oil had a "jobber contract" with Amoco to purchase gasoline. Most of the gasoline sold by Erwin Oil is distributed to the public through gas station/convenience stores, although Erwin Oil does have some commercial accounts as well.

Plaintiff argues that the Commission erred in finding and concluding that Erwin Oil was not a statutory employer within the meaning of N.C. Gen. Stat. § 97-19. We agree. N.C. Gen. Stat. § 97-19 provides, in pertinent part, that

> [a]ny principal contractor, intermediate contractor, or subcontractor who shall sublet any contract for the performance of any work without requiring from such subcontractor or obtaining from the Industrial Commission a certificate . . . stating that such subcontractor has complied with G.S. 97-93 hereof, shall be liable . . . to the same extent as such subcontractor would be if he were subject to the provisions of this Article for the payment of compensation and other benefits . . . on account of the injury or death of any employee of such subcontractor due to an accident arising out of and in the course of the performance of the work covered by such subcontract.

*Id.* It is undisputed that Abbasi did not have workers' compensation insurance for his employees and that he did not provide such a certificate to Erwin Oil. The Commission found and concluded that Erwin Oil was not a contractor, Abbasi was not a subcontractor, and that N.C. Gen. Stat. § 97-19 did not apply. Whether a defendant is a statutory employer within the meaning of N.C. Gen. Stat. § 97-19 is a jurisdictional matter. *Cook v. Norvell-Mackorell Real Estate Co.*, 99 N.C. App. 307, 309, 392 S.E.2d 758, 759 (1990). We review this issue *de novo*:

> Findings of jurisdictional fact made by the Industrial Commission are not conclusive, even when supported by competent evidence. It is incumbent upon this Court to review the evidence of record

and make independent findings of fact with regard to plaintiff's employment status.

*Youngblood v. North State Ford Truck Sales*, 321 N.C. 380, 383, 364 S.E.2d 433, 437 (1988) (internal citations and quotation marks omitted).

In determining that N.C. Gen. Stat. § 97-19 did not apply here, the Commission concluded that Erwin Oil was not an original or principal contractor because it had not "undertaken for another to do something, the performance of which he has in whole or in part sublet to another." *Evans v. Tabor City Lumber Co.*, 232 N.C. 111, 117, 59 S.E.2d 612, 616 (1950). "G.S. § 97-19, by its own terms, cannot apply unless there is first a contract for the performance of work which is then sublet." *Cook*, 99 N.C. App. at 310, 392 S.E.2d at 760. The Commission concluded that although Erwin Oil had a jobber contract with Amoco, this contract did not require Erwin Oil to re-sell the gasoline or perform any other duties, and thus Abbasi was not performing any duties for Erwin Oil that were required by Erwin Oil's contract with Amoco. However, our review of the evidence, especially the plain language of the contract, leads us to the opposite conclusion.

At the time of the hearing in this matter, Erwin Oil owned over twenty stores, some of which were managed directly by Erwin Oil, and some of which were owned by Erwin Oil but run by others. At the time of plaintiff's injury, Erwin Oil had a "branded jobber contract" with Amoco which included the following pertinent provisions:

2. . . . Amoco agrees to sell and Jobber agrees to purchase and receive Amoco's currently offered and available branded petroleum products . . .

* * *

5(d) . . . At all times and at each retail site, including Jobber-Dealer sites, Jobber shall offer for sale, or cause to be offered for sale, representative amounts of each grade of Amoco-based gasoline, currently offered to Jobber, necessary to satisfy public demand.

* * *

8(a) . . . Jobber shall use its best efforts to market the Products covered by this Contract and develop its . . . area.

The contract further requires Erwin Oil to operate one or more bulk storage plants, and to operate a sufficient number of tank trucks to efficiently perform its delivery functions. Thus, under the contract, Erwin Oil was required to market and sell Amoco products "necessary to satisfy public demand," using its "best efforts to market the Products." Erwin Oil could not successfully fulfill these contractual obligations to Amoco without access to retail outlets, such as Tri-Star Amoco, through which to market gasoline to the general public. Furthermore, the addendum to the lease between Erwin Oil and Abbasi states that:

> Lessee agrees to maintain this location up to AMOCO's IMAGE STANDARDS and to operate the facility open to the public 18 hours per day, 7 days a week. Lessee agrees to furnish ERWIN OIL COMPANY, INC., on a daily basis, accurate and current inventory and sales figures of all petroleum products sold and received at this location. Lessee agrees to notify ERWIN OIL COMPANY, INC., immediately [sic] of any unauthorized discharge of petroleum product such as a leak or a spill. Failure to comply with any or all of the provisions of this addendum will give the lessor the right to cancel this lease at lessor's discretion.

That Erwin Oil and Abbasi had a landlord/tenant relationship does not preclude them from also having a contractor/sub-contractor relationship. As the documents between Erwin Oil and Abbasi required Abbasi "to maintain" and "to operate" the gas pumps seven days a week, we conclude that in those agreements lies a contract for Abbassi to perform work Erwin was required to do—to market and sell gasoline to meet public demand. Thus, we conclude that Erwin Oil is a statutory employer pursuant to N.C. Gen. Stat. § 97-19. Abbasi, as the owner of a gas station and convenience store, was in the business of selling gasoline and sundries to the public. Accordingly, we vacate the Commission's opinion and award and remand for additional findings of fact, in accordance with this opinion, regarding plaintiff's injuries and defendant's liability.

Reversed and remanded.

Judge CALABRIA concurs.

Judge HUNTER dissents in a separate opinion.

The judges participated and submitted this opinion for filing prior to 1 January 2007.

HUNTER, Judge, dissenting.

I disagree with the majority's conclusion that Erwin Oil was plaintiff's statutory employer pursuant to section 97-19 of the North Carolina General Statutes. The majority's reasoning in this case would greatly expand the definition of a statutory employer beyond its intended scope. I therefore respectfully dissent.

The Commission concluded that section 97-19 did not apply to the instant case. I agree with the Commission's conclusion. The majority recognizes that "G.S. § 97-19, by its own terms, cannot apply unless there is first a contract for the performance of work *which is then sublet.*" *Cook v. Norvell-Mackorell Real Estate Co.*, 99 N.C. App. 307, 310, 392 S.E.2d 758, 760 (1990) (emphasis added). "Consequently, G.S. § 97-19 may apply as between two independent contractors, one of whom is a subcontractor to the other; but it does not apply as between a principal, *i.e.*, an owner, and an independent contractor." *Id.*

In the instant case, the evidence tends to show that Erwin Oil, a petroleum wholesaler, purchased gasoline from various producers, including Amoco. Erwin Oil in turn leased a convenience store, Tri-Star Amoco, and equipment to Abbasi, who independently operated the store. Erwin Oil also supplied Abbasi with gasoline on consignment for sale at Tri-Star Amoco, and Abbasi received a commission per gallon of gasoline sold at Tri-Star Amoco. Erwin Oil was the owner of the gasoline sold at Tri-Star Amoco. The primary purpose of the contract between Erwin Oil and Amoco was an agreement to purchase gasoline. Although the majority is correct that the contract between Erwin Oil and Amoco also required Erwin Oil to " 'offer for sale, or cause to be offered for sale, representative amounts of each grade of Amoco-based gasoline, currently offered to [Erwin Oil], necessary to satisfy public demand[,]' " this was not a task then sublet to Abbasi. The majority points to an addendum in the lease agreement requiring Abbasi to maintain the Tri-Star Amoco *location* according to "AMOCO's IMAGE STANDARDS and to operate the *facility* open to the public 18 hours per day, 7 days a week." (Emphasis added.) Contrary to the majority's broad interpretation regarding gasoline pumps, the addendum language is silent as to any specific requirement regarding the sale or marketing of gasoline. The lease agreement between Erwin Oil and Abbasi does not require Abbasi to perform any task required by the contract between Erwin Oil and Amoco. Erwin Oil clearly owned the gasoline offered for sale at Tri-Star Amoco, for which Abbasi merely received a commission. Erwin

AMERICAN CIVIL LIBERTIES UNION OF N.C. v. STATE

. [181 N.C. App. 430 (2007)]

Oil owned the premises which Abbasi leased. Thus, Abbasi was not a subcontractor for Erwin Oil. Rather, the nature of the relationship between Erwin Oil and Abbasi was that of an owner and an independent contractor.

As Erwin Oil did not sublet its duties to Abbasi, Abbasi was not a subcontractor, nor was Erwin Oil a principal contractor. *See Mayhew v. Howell*, 102 N.C. App. 269, 273, 401 S.E.2d 831, 834 (Industrial Commission properly found that the defendant homebuilding company did not sublet any contract for the performance of work to framers and that defendant was not a " 'principal contractor' " with regard to subdivision under construction but the " 'owner' "), *affirmed per curiam*, 330 N.C. 113, 408 S.E.2d 853 (1991). Section 97-19 therefore does not apply, and Erwin Oil cannot be considered plaintiff's statutory employer. The majority's interpretation would make Erwin Oil a statutory employer of every employee hired by any independent contractor leasing property owned by Erwin Oil where Amoco gasoline is sold. I believe this interpretation far exceeds the intended scope of section 97-19, and I would affirm the opinion and award of the Commission denying plaintiff's claim for benefits.