WINBERT GUY, EMPLOYEE, PLAINTIFF v. BURLINGTON INDUSTRIES, EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8410IC1003

(Filed 21 May 1985)

1. **Master and Servant § 94.4— workers' compensation—refusal to allow additional evidence—no abuse of discretion**

   The Industrial Commission did not abuse its discretion by refusing to permit plaintiff to introduce additional evidence where plaintiff's motion was not accompanied by an affidavit as required by Industrial Commission Rule XXI.6 and the motion contained only vague implications as to the content of the additional evidence; the Deputy Commissioner accorded plaintiff substantial latitude in the presentation of his case and agreed to hold the record open for more than sixty days based on plaintiff's representations that he hoped to introduce additional medical testimony; plaintiff offered no reason for his failure to provide the testimony within the time allowed by the Deputy Commissioner; the testimony eventually sought to be introduced was that of plaintiff, who had been available to testify at all times and who had testified in the first hearing in 1979; plaintiff made no attempt to seek defendant's consent to the admission of the testimony even after the Deputy Commissioner revealed her willingness to consider the evidence given such consent; and plaintiff made no

showing that the evidence sought to be introduced was not known to him at the time of the last hearing. G.S. 97-85.

2. **Master and Servant § 68— workers' compensation—no occupational disease— findings sufficient**

> The Industrial Commission's findings of fact were supported by competent evidence, supported the conclusions, and resolved all material facts raised by the evidence where the evidence showed and the Commission found that the mill in which plaintiff was employed processed cotton for only two months during the almost twenty-five year period of plaintiff's employment and the only chemical affecting the respiratory system about which plaintiff inquired was found in a floor finish which could cause breathing difficulties if there was excessive exposure to the chemical when wet. Plaintiff presented no evidence that he had ever been exposed to the floor finish, which the record shows was used very infrequently and generally not when the plant was in operation.

APPEAL by plaintiff employee from opinion and award of the North Carolina Industrial Commission filed 27 March 1984. Heard in the Court of Appeals 6 May 1985.

Plaintiff filed this claim under the Workers' Compensation Act, asserting that he is entitled to benefits under the Act because of disability resulting from an occupational disease. Following a hearing, the Industrial Commission made findings of fact and conclusions of law and entered an opinion and award denying plaintiff's claim. Plaintiff appealed.

*Charles R. Hassell, Jr., for plaintiff, appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by C. Ernest Simons, Jr., and Steven M. Sartorio, for defendants, appellees.*

HEDRICK, Chief Judge.

[1]    Plaintiff's first assignment of error is set out in the record as follows: "The Industrial Commission erred in denying Appellant's request to present necessary evidence which would likely have affected the outcome of the case." The record reveals the following facts necessary to an understanding of this assignment of error.

The first hearing on plaintiff's claim was conducted on 26 June 1979. The opinion and award filed by the Chief Deputy Commissioner on 5 May 1980 was vacated by the Full Commission, and the case was reset for further testimony. A second hearing was held on 18 June 1981. At the conclusion of that hearing, Dep-

uty Commissioner Scott told plaintiff's counsel that additional testimony would be taken from another witness "[a]s soon as you are prepared to go forward with the hearing. . . ." Plaintiff produced additional evidence at the final hearing, held 13 August 1981. At the conclusion of that hearing, Deputy Commissioner Scott asked, "Does that close the evidence? . . . Has all the evidence been submitted or is there more?" Plaintiff responded by saying "we're trying to develop additional medical testimony," and by requesting "thirty days in which to complete that and advise you of our intentions." Deputy Commissioner Scott then agreed to hold the record open for thirty days. On 16 September 1981, having heard nothing from plaintiff, Ms. Scott called plaintiff's counsel and, learning that plaintiff desired an additional thirty days in which to gather additional evidence, granted plaintiff's request for another extension of time. On 2 November 1981, more than two weeks after the expiration of plaintiff's most recent extension, Deputy Commissioner Scott closed the record, having heard nothing further from plaintiff. On 5 November Ms. Scott called plaintiff's counsel in connection with a matter related to the case, at which time plaintiff's counsel asked to be allowed to take additional testimony from plaintiff. Plaintiff's counsel was informed that such additional evidence would be permitted only if defendants consented. Plaintiff's counsel indicated at that time that plaintiff would not seek defendants' consent and, in fact, never did so. On 10 November 1981 Deputy Commissioner Scott's opinion and award denying plaintiff's claim for benefits was filed, from which opinion and award plaintiff gave notice of appeal to the Full Commission. On 8 September 1982 plaintiff filed a motion asking that the opinion and award be set aside and that "the claim be reset in Raleigh for additional testimony from the plaintiff and other witnesses who may be available to establish the extent of his exposure to the floor finish" allegedly responsible for plaintiff's disability. On 27 March 1984 the Full Commission, without hearing additional evidence, adopted as its own the opinion and award filed by Deputy Commissioner Scott, and affirmed the result reached therein.

In his brief plaintiff contends that "[t]he denial of Appellant's request for an additional opportunity to describe the extent of his exposure to [the chemical that allegedly caused plaintiff's disabili-

ty] was in effect a denial of his claim," amounting to an abuse of discretion. We emphatically disagree.

"Ordinarily, the question of whether to reopen a case for the taking of additional evidence rests in the sound discretion of the Industrial Commission, and its decision will not be disturbed on appeal in the absence of an abuse of discretion." *Schofield v. Tea Co.*, 299 N.C. 582, 596, 264 S.E. 2d 56, 65 (1980). G.S. 97-85 provides that the Commission shall receive further evidence "if good ground be shown therefor." Our Courts have said that whether "good ground be shown therefor" is within the sound discretion of the Commission, and its ruling in that regard will not be reviewed on appeal absent a showing of manifest abuse of discretion. *See Lynch v. Kahn Construction Co.*, 41 N.C. App. 127, 254 S.E. 2d 236 (1979); *Thompson v. Burlington Industries*, 59 N.C. App. 539, 297 S.E. 2d 122 (1982), *cert. denied*, 307 N.C. 582, 299 S.E. 2d 650 (1983).

We hold that the Commission acted well within its discretion in refusing to permit plaintiff to introduce additional evidence. Rule XXI.6, Rules of Industrial Commission, provides that motions for a new hearing to take additional evidence must be written and supported by an affidavit. In the instant case, plaintiff's written motion is not supported by an affidavit, and the motion itself contains only vague implications as to the content of the additional evidence sought to be introduced. In addition, we note that Deputy Commissioner Scott accorded plaintiff substantial latitude in the presentation of his case. Plaintiff has offered no reason whatsoever for his failure to provide the testimony in question within the generous time allowed by the Deputy Commissioner. Furthermore, while Deputy Commissioner Scott agreed to hold the record open for more than sixty days based on plaintiff's representations that plaintiff hoped to introduce additional medical testimony, the testimony eventually sought to be introduced was that of plaintiff, who had been available to testify at all times and who in fact did testify in 1979. We also point out that plaintiff made no attempt to seek defendant's consent to the admission of this testimony, even after the Deputy Commissioner revealed her willingness to consider this evidence given such consent. Finally, we note that plaintiff has made no showing that the evidence sought to be introduced was not known to him at the time of the last hearing on 13 August 1981. In conclusion, we find

plaintiff's contention that the Commission abused its discretion in refusing to conduct yet another hearing on the matter absurd.

[2] Plaintiff's second and third assignments of error assert that the Commission erred by "failing to consider" certain evidence and by "failing . . . to make findings on the occupational aggravation of his pre-existing illness."

The well-established rule concerning the role of the appellate court in reviewing an appeal from the Industrial Commission is that the Court "is limited to a determination of (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are supported by the findings." *Barham v. Food World*, 300 N.C. 329, 331, 266 S.E. 2d 676, 678 (1980). The Commission must make specific findings of fact regarding each material fact upon which a plaintiff's right to compensation depends. *Hansel v. Sherman Textiles*, 304 N.C. 44, 283 S.E. 2d 101 (1981). The Commission is not required, however, to make findings as to facts presented by the evidence that are not material to plaintiff's claim. *Starr v. Paper Co.*, 8 N.C. App. 604, 175 S.E. 2d 342 (1970).

In the instant case, the transcript reveals that plaintiff, at the first hearing, attempted to show that his lung disease was at least partially attributable to his occupational exposure to cotton dust. The evidence affirmatively disclosed, however, and the Commission found as a fact, that the mill in which plaintiff was employed processed cotton for only two months during the almost twenty-five year period of plaintiff's employment. Plaintiff then shifted his theory of recovery to occupational disease brought about by his exposure to various chemicals used in the mill. The evidence revealed, however, and the Commission found as a fact, that the chemicals about which plaintiff inquired, with one exception, affect the central nervous system, not the respiratory system. The single chemical shown by the evidence to have potentially adverse effects on the respiratory system is found in a floor finish used by the plant in which plaintiff worked. The evidence showed and the Commission found as a fact that *excessive* exposure to this chemical, *when wet*, could cause chest pain, coughing, and breathing difficulties. Plaintiff presented no evidence showing that he had ever been exposed to this floor finish, which the record shows was used "very infrequently," and

was generally not used when the plant was in operation. We think it clear that the Commission's findings of fact are supported by competent evidence and that they in turn support the Commission's conclusions of law. We further hold that the findings of fact made by the Commission are sufficient to resolve all material facts raised by the evidence. The assignment of error is without merit.

Rather than abusing its discretion to the prejudice of the plaintiff as counsel contends, the record in this case demonstrates an overindulgent attitude upon the part of the Industrial Commission toward the dilatory and procrastinating tactics of plaintiff's counsel which inevitably works to the detriment of all parties with business before the Industrial Commission. The truth of the axiom that "justice delayed is justice denied," is clear in this case.

Affirmed.

Judges WEBB and WHICHARD concur.