ROGER STEVEN MAYHEW, EMPLOYEE-PLAINTIFF v. CHARLES JERRY HOWELL AND RONNIE C. CRAVEN, NON-INSURED EMPLOYER, AND/OR RYAN HOMES, INC., EMPLOYER, AND HOME INDEMNITY COMPANY, CARRIER, DEFENDANTS

No. 9010IC548

(Filed 19 March 1991)

**Master and Servant § 50 (NCI3d) — workers' compensation — injury during construction of house — no recovery against defendant owner of house**

Plaintiff who was employed as a carpenter by defendant partners, who had been hired to do framing work on houses being built by defendant Ryan Homes, Inc., was not entitled to recover workers' compensation benefits from the insurance carrier of Ryan Homes since defendant partnership was an independent contractor; defendant Ryan Homes did not sublet any contract for the performance of work to defendant partnership; and defendant Ryan Homes was not a principal contractor with respect to the house plaintiff was working on, but rather was the owner, so that N.C.G.S. § 97-19, providing for liability of principal contractors, intermediate contractors, or subcontractors who sublet work without requiring proof that the subcontractor has workers' compensation coverage, was inapplicable to this case.

**Am Jur 2d, Workmen's Compensation §§ 167, 168, 170, 171, 172.**

Judge PHILLIPS dissenting.

APPEAL by plaintiff from opinion and award entered 7 February 1990 by the North Carolina Industrial Commission. Heard in the Court of Appeals 30 November 1990.

MAYHEW v. HOWELL

[102 N.C. App. 269 (1991)]

Plaintiff was employed as a carpenter by C. Jerry Howell and Ronnie C. Craven, partners hired to do framing work on houses being built by Ryan Homes, Inc. in Hunting Creek Subdivision in Mecklenburg County. Ryan Homes contracts with others to do the framing work for their homes. When the partnership was hired, a coordinator for Ryan Homes inquired as to whether Howell and Craven were covered by workers' compensation insurance. When he was told there was none, Howell was told to obtain such insurance. Nevertheless, Ryan Homes permitted them to begin work without proof of obtaining a certificate of workers' compensation insurance. Plaintiff was injured when he fell from the roof of one of the houses on 6 June 1988 and fractured his feet.

Plaintiff's claim for workers' compensation was denied by Ryan Homes's insurance carrier. Plaintiff's case was heard by Deputy Commissioner Morgan S. Chapman who filed an opinion and award on 17 May 1989 dismissing Ryan Homes and Home Indemnity Company as defendants. The Deputy Commissioner concluded that the Howell and Craven partnership was an independent contractor and that:

> 5. G.S. 97-19 does not apply to this case in that Ryan Homes did not sublet any contract for the performance of work to defendants Howell and Craven. Ryan Homes was not a principal contractor with respect to the house plaintiff was working on, but rather was the owner, and it did not agree to provide workers' compensation insurance coverage to Howell and Craven. Consequently, Ryan Homes and its insurance company, Home Indemnity Company, are not liable to plaintiff for workers' compensation benefits for his injury.

The Full Commission filed an opinion and award 7 February 1990 affirming and adopting the opinion and award of the deputy commissioners.

From this opinion and award, plaintiff appeals.

*Harkey, Fletcher, Lambeth and Nystrom, by Philip D. Lambeth, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, by Mika Z. Savir, for defendant-appellees.*

MAYHEW v. HOWELL

[102 N.C. App. 269 (1991)]

ORR, Judge.

Plaintiff contends that the Full Commission erred in affirming and adopting the opinion and award of the Deputy Commissioner who concluded that N.C. Gen. Stat. § 97-19 (Supp. 1990) does not apply in this case. For the reasons set forth below, we disagree and affirm the opinion and award of the Full Commission.

"The well-established rule concerning the role of the appellate court in reviewing an appeal from the Industrial Commission is that the Court 'is limited to a determination of (1) whether the findings of fact are supported by competent evidence, and (2) whether the conclusions of law are supported by the findings'." *Guy v. Burlington Industries*, 74 N.C. App. 685, 689, 329 S.E.2d 685, 687 (1985) (quoting *Barham v. Food World*, 300 N.C. 329, 331, 266 S.E.2d 676, 678, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 105 (1980)).

Under the North Carolina Workers' Compensation Act, an injured person can recover workers' compensation benefits only if he is an employee of the one from whom he seeks compensation at the time he is injured. *Dockery v. McMillan*, 85 N.C. App. 469, 355 S.E.2d 153, *disc. review denied*, 320 N.C. 167, 358 S.E.2d 49 (1987); *Richards v. Nationwide Homes*, 263 N.C. 295, 139 S.E.2d 645 (1965); *see* N.C. Gen. Stat. § 97-2 (Supp. 1990).

N.C. Gen. Stat. § 97-19 provides:

Any principal contractor, intermediate contractor, or subcontractor who shall sublet any contract for the performance of any work without requiring from such subcontractor or obtaining from the Industrial Commission a certificate . . . stating that such subcontractor has complied with G.S. 97-93 hereof, shall be liable . . . to the same extent as such subcontractor would be if he were subject to the provisions of this Article for the payment of compensation and other benefits . . . on account of injury or death of . . . any employee of such subcontractor due to an accident arising out of and in the course of the performance of the work covered by such subcontract.

Our Supreme Court has stated that the statute "protect[s] the employees of financially irresponsible sub-contractors who do not carry workmen's compensation insurance, and to prevent principal contractors, immediate [sic] contractors, and sub-contractors from relieving themselves of liability under the Act by doing through sub-contractors what they would otherwise do through the agency

of direct employees." *Withers v. Black*, 230 N.C. 428, 434, 53 S.E.2d 668, 673 (1949). This statute "relates to contractors and subcontractors—not to employers and independent contractors." *Beach v. McClean*, 219 N.C. 521, 528, 14 S.E.2d 515, 520 (1941). "G.S. 97-19 is not applicable to an independent contractor as distinguished from a subcontractor of the class designated by the statute." *Greene v. Spivey*, 236 N.C. 435, 444, 73 S.E.2d 488, 494 (1952) (citation omitted). Plaintiff contends that Howell and Craven were subcontractors of Ryan Homes and thus N.C. Gen. Stat. § 97-19 should apply. We disagree.

> An injured person employed by an independent contractor
>
> may not recover compensation from the contractee, unless the contractee is himself the principal contractor and sublets the contract without requiring a certificate of the subcontractor that the subcontractor had procured compensation insurance . . . . But when the contractee is not a principal contractor but is a principal letting work by independent contract, an employee of the independent contractor cannot recover . . . against the principal, even though the work is intrinsically dangerous, since such action is founded on the common law doctrine of negligence, and the provisions of GS 97-19 relate to the contractors and subcontractors and not to principals and independent contractors.

8 Strong's N.C. Index 3d *Master and Servant* § 50 at 563 (1977).

In *Greene*, our Supreme Court stated that there was "neither evidence nor finding of fact that [the hardwood company] at any time sublet any part of its logging operations or other work to [defendant], nor made any contract with him for the performance of work of any kind." 236 N.C. at 443, 73 S.E.2d at 494. Defendant "at no time stood in the position of subcontractor to [the hardwood company]" and thus the hardwood company was not liable under N.C. Gen. Stat. § 97-19 for injuries to defendant's employees. *Id.* at 444, 73 S.E.2d at 494.

In *Evans v. Tabor City Lumber Co.*, 232 N.C. 111, 117, 59 S.E.2d 612, 616 (1950), our Supreme Court concluded that N.C. Gen. Stat. § 97-19 did not apply in that case because the party at issue was not a subcontractor "within the meaning of the statute." There the Court stated: "If the [lumber company] had been in fact and in law an original contractor within the provisions of

such Act, G.S. 97-19, he would be liable with the codefendant; but not as we view it in the present proceeding." *Id.* at 116, 59 S.E.2d at 615. The Court further stated:

> The logic of the Industrial Commission in concluding that there can be no sub-contractor without an original contractor is unimpeachable; and by "original contractor" is meant one who has undertaken for another to do something, the performance of which he has in whole or in part sublet to another. It would be unreasonable to assume that a person could contract with himself to do something for his own benefit so as to answer the definition of original contractor if he should contract the performance of that operation to another person or concern.

*Id.* at 117, 59 S.E.2d at 616.

Plaintiff relies on *Richards* where the critical issue was whether the claimant was an independent contractor, or a subcontractor who was an independent contractor, or an employee so that the Industrial Commission had jurisdiction. There the claimant contracted with Nationwide Homes to build a house, and the Court concluded that the claimant was an independent contractor. *Id.* at 306, 139 S.E.2d at 653. Our Supreme Court noted that "GS 97-19 . . . imposes liability, under certain specified circumstances, on the principal contractor or employer for injuries and death to employees of his independent contractor or of his subcontractor . . . ." *Id.* at 302, 139 S.E.2d at 650.

Here the Full Commission found that defendant "did not sublet any contract for the performance of work to defendants Howell and Craven" and that defendant was not a "principal contractor" but the "owner." As previously noted in *Evans*, an "original contractor" is "one who has *undertaken for another* to do something." 232 N.C. at 116, 59 S.E.2d at 616 (emphasis added). Ryan Homes had not undertaken to do anything for anyone else and thus could not be an "original contractor." Therefore, § 97-19 is inapplicable. Thus, we conclude that there was sufficient evidence to support the findings of fact, and the conclusions of law are supported by the findings of fact.

We have considered plaintiff's other assignment of error and find it is without merit. We affirm the opinion and award of the Industrial Commission.

MAYHEW v. HOWELL

[102 N.C. App. 269 (1991)]

Affirmed.

Judge GREENE concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion the facts that the Commission found lead inexorably to the conclusion that on the occasion involved Ryan Homes, though an owner was also a principal contractor, Howell and Craven was a subcontractor, and Ryan Homes is obligated under G.S. 97-19 to provide workers' compensation benefits to plaintiff. For the Commission did not just find that Ryan Homes hired someone to do the framing on the house. It found that Ryan was building houses for an entire subdivision and selling them to the public; that in doing so it contracted with others to perform the framing and to "install the plumbing and the wiring and to perform other functions necessary to build the house"; and it "provided a project superintendent to check the construction to make certain that it complied with the plans and specifications as well as to replace damaged or missing materials." Thus, Ryan was doing everything that a principal building contractor does and in volume. Contrary to the situation of the alleged contractor in *Evans v. Tabor City Lumber Co.*, 232 N.C. 111, 59 S.E.2d 612 (1950), Ryan was also doing something for others. For it was not building the houses to occupy or rent, it was building them to sell, and the houses were built for and on behalf of those who bought them. Since G.S. 97-19 applies to one who hires a sub or independent contractor to build one house for another, it is absurd to suppose that it does not apply to a concern that hires sub or independent contractors to build houses for an entire community. As in *Withers v. Black*, 230 N.C. 428, 53 S.E.2d 668 (1949), Ryan's situation is also one that G.S. 97-19 was enacted for.