**********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with minor modifications.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties as:
 STIPULATIONS
1. Plaintiff contends that on August 6, 1999 he suffered a compensable injury by accident during the course of and within the scope of his employment as a cashier at the Tri-Star Amoco Food Shop, when he was shot in the neck during an armed robbery. Defendants deny that plaintiff suffered an injury by accident during the course of and within the scope of his employment.
2. Plaintiff contends that at all times relevant to his claim, he was an employee of Tri-Star Amoco Food Shop and Iftikhar Abassi. Defendants deny that plaintiff was an employee of Tri-Star Amoco Food Shop.
3. Plaintiff contends that at all times relevant to his claim, Iftikhar Abassi and Tri-Star Amoco Food Shop regularly employed three or more employees and were bound by and subject to the Workers' Compensation Act.
4. Defendant-Erwin Oil Company is the lessee of the building in which the Tri-Star Amoco Food Shop is located and sub-leased the building to Iftikhar Abassi pursuant to a written lease dated December 1, 1997.
5. Plaintiff contends that defendant-employer was a contractor, intermediate contractor, or subcontractor within the meaning of N.C. Gen. Stat. § 97-19, and that the written contract between defendant-Employer and Iftikhar Abassi was a "contract for the performance of work" within the meaning of that statute. Defendants deny that Erwin Oil Company was a contractor within the meaning of N.C. Gen. Stat. § 97-19.
6. Defendant-Employer regularly employs three or more employees and is subject to and bound by the Workers' Compensation Act; however, defendants deny that Erwin Oil Company was an employer of plaintiff; that any employer/employee relationship existed between plaintiff and defendant-Erwin Oil; or that defendant-Erwin Oil has any liability to plaintiff for his injuries.
7. The following are documents kept in the regular course of business of the Industrial Commission and are part of the record of this case:
 a. Plaintiff's Motion to Allow Pre-hearing Depositions, or, In the Alternative, for a Special Hearing to Preserve the Testimony of plaintiff Akhtar Masood and the Testimony of Navida Masood;
 b. Order Allowing Pre-hearing Depositions of Akhtar Masood and Navida Masood;
c. Form 61 submitted by defendant-Erwin Oil Company;
 d. Plaintiff's Second Amended Form 18, submitted to the Commission on October 3, 2000;
 e. Plaintiff's Amended Form 33, filed with the Commission on October 5, 2000;
f. Form 33R submitted to the Commission by defendant;
 g. Plaintiff's Notice of Voluntary Dismissal With Prejudice of Iftikhar Abassi d/b/a Tri-Star Amoco Food Shop, Inc.
8. Plaintiff contends that his average weekly wage at the time of his injury by accident was $411.23, and that his workers' compensation rate was $274.17. Defendants deny this and will not stipulate to any wage.
9. The following issues are in dispute among the parties and thus remaining for decision by the Industrial Commission:
 a. Whether plaintiff was injured during the course of and within the scope of his employment;
 b. Whether defendant-employer is liable to plaintiff for the payment of workers' compensation benefits under the provisions of N.C. Gen. Stat. § 97-19;
 c. The compensation, if any, to which plaintiff is entitled.
10. The following medical records, which were submitted to the Commission at the hearing before the Deputy Commissioner, were admitted into evidence as records maintained in the regular course of activity of the physician or institution identified:
 1. Duke University Medical Center, hospital and surgical records, 8/6/99-3/15/00 (350 pages)
 2. Omni Eye Specialists, reports dated 12/17/02 and 8/20/03, record of examination (3 pages)
 3. Vision World, records of examination, 10/28/02-7/2/03 (6 pages)
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is an illegal alien from Pakistan, who arrived in the United States in July 1998 and began working at a gas station in Maryland. Plaintiff moved to Durham, North Carolina in February 1999. Plaintiff testified that he worked as a cashier for Iftikhar Abassi at the Tri-Star Amoco Food Shop. Iftikhar Abassi paid plaintiff in cash and plaintiff testified that he did not pay taxes.
2. On August 6, 1999, plaintiff was shot during an armed robbery at the Tri-Star Amoco Food Shop. Iftikhar Abassi failed to maintain workers' compensation insurance for his employees. Plaintiff reached a settlement with Mr. Abassi and subsequently dismissed him from this claim.
3. Defendant-Erwin Oil Company is a jobber or wholesaler of petroleum. Erwin Oil Company buys gasoline from a producer, such as Amoco, and resells it. Erwin Distributing Corporation owns the real estate upon which Tri-Star Amoco Food Shop is located. Erwin Distributing leases the real estate to Erwin Oil Company. Erwin Oil Company owns the underground gas tanks and pumps or equipment connected to those tanks. Erwin Oil Company leases the convenience store known as the Tri-Star Amoco Food Shop and equipment to Mr. Abassi.
4. Iftikhar Abassi is a dealer in that he leases the convenience store known as the Tri-Star Amoco Food Shop, operates that store with his own employees, and is supplied gasoline by Erwin Oil Company.
5. Erwin Oil Company supplies the dealer, Mr. Abassi, with gasoline on consignment for sale at the Tri-Star Amoco Food Shop. Mr. Abassi receives a commission per gallon for the gasoline sold at the Tri-Star Amoco Food Shop location. Erwin Oil Company does not pay the operating expenses of the Tri-Star Amoco Food Shop, does not have a license to operate the Tri-Star Amoco Food Shop, and does not carry or pay insurance for those things, which Mr. Abassi, as the dealer, sells at the Tri-Star Amoco Food Shop.
6. Iftikhar Abassi is the sole proprietor of the Tri-Star Amoco Food Shop. He also leases and operates two other convenience stores. Mr. Abassi obtained a privilege license to operate his business, as well as a beer and wine license and insurance coverage. The utilities are in his name, he pays the monthly utilities, and is responsible for the daily operation of the Tri-Star Amoco Food Shop, including: hiring and firing employees, setting the hours of operation, and the purchase and sale of all items within the food shop. Mr. Abassi selected the business name and made arrangements for the name to appear on the store in compliance with ABC regulations. In addition to selling gasoline on consignment from Erwin Oil Company, Mr. Abassi also sells groceries, which he receives on consignment from South Co. Distributor.
7. At the time of this incident, Erwin Oil Company had a "Jobber Contract" with Amoco to purchase gasoline. Erwin Oil Company paid Amoco at the time of purchase, thereby becoming the owner of the gasoline. Erwin Oil Company was free to purchase gasoline from other producers. Erwin Oil Company was free to sell the gasoline to the public, to dealers, or commercial users.
8. Pursuant to the "Jobber Contract," Erwin Oil Company was authorized to use the Amoco trademark in re-selling the gasoline. Use of the Amoco trademark included "Image Standards" developed by Amoco for the marketing of their product. Erwin Oil Company was free to re-sell the gasoline without using the Amoco trademark.
9. The "Jobber Contract" did not require Erwin Oil Company to re-sell the gasoline or perform any other duties.
10. Daniel Erwin testified that he has some stores that he calls a direct operation where he runs the store with his own employees. He said there are other stores that he leases to someone like Iftikhar Abassi who runs those stores with their own employees. Mr. Erwin did say they made suggestions to dealers like Mr. Abassi about not selling pornography or products that are known to be used as drug paraphernalia, but it was up to the individual dealers whether they sold those products.
11. Mr. Erwin testified that Mr. Abassi could purchase his products for resale from Erwin Oil or he could purchase them from someone else. However, if Mr. Abassi chose to sell Amoco gasoline, Amoco wanted certain image requirements to be met at all stores that sold their product under the Amoco label. Amoco set these requirements in keeping with their reputation for having a high quality product. Mr. Abassi chose to name his business Tri-Star Amoco Food Shop and sell under the Amoco label.
12. Mr. Abassi was not performing any duties for Erwin Oil Company that was required by Erwin Oil Company's contract with Amoco.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-19, by its own terms, cannot apply unless there is first a contract for the performance of work, which is then sublet.Cook v. Norvell-Mackorell Real Estate Co., 99 N.C. App. 307, 310,392 S.E.2d 758, 759-60 (1990). The "Jobber Contract" does not require Erwin Oil Company to resell the gasoline.
2. An original or principal contractor is "one who has undertaken for another to do something." Evans v. Tabor City Lumber Co., 232 N.C. 111,59 S.E.2d 612, (1950). Amoco permitted Erwin Oil Company to use its trademarks in reselling the gasoline, and Erwin Oil Company agreed to abide by the Amoco image standards while using Amoco's trademarks.
3. Erwin Oil Company had not undertaken to do anything for Amoco, which it then sublet to Mr. Abassi. By its own terms, N.C. Gen. Stat. § 97-19
does not apply to Erwin Oil Company. Cook, supra.
4. As owner of the gasoline it resells and lessor of the convenience store, defendant Erwin Oil Company is not a principal or original contractor within the meaning of N.C. Gen. Stat. § 97-19.
5. The Court of Appeals has previously addressed the issue of whether the owner of property may also be a principal or original contractor for purpose of N.C. Gen. Stat. § 97-19, and has rejected the concept that the owner of property may also be the general contractor for that property.See Mayhew v. Howell, 102 N.C. App. 269, 273, 401 S.E.2d 831, 834
(1991); Postell v. B D Constr. Co., 105 N.C. App. 1, 8,411 S.E.2d 413, 417, rev. denied, 331 N.C. 286, 417 S.E.2d 253 (1992). It is unreasonable to assume that a person could contract with himself to do something for his own benefit, thereby making himself a general contractor if he should then contract that job to another person. SeeEvans, 232 N.C. at 117, 59 S.E.2d at 616; Mayhew, 102 N.C. App. at 273,401 S.E.2d at 833.
6. The relationship between Erwin Oil Company and Iftikhar Abassi is that of landlord and tenant. Mr. Abassi was an independent contractor and not an employee of Erwin Oil Company. Nor is the relationship between Erwin Oil Company and Iftikhar Abassi that of a sub-contractor pursuant to N.C. Gen. Stat. § 97-19.
7. Plaintiff has failed to show that defendant Erwin Oil Company is a contractor within the meaning of N.C. Gen. Stat. § 97-19.
8. Defendant Erwin Oil Company is not liable for injuries sustained by the plaintiff as a result of the shooting on August 6, 1999.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim that he is entitled to compensation for his injuries from defendant Erwin Oil Company is hereby DENIED on the grounds that defendant Erwin Oil Company is not a contractor within the meaning of N.C. Gen. Stat. § 97-19.
2. Each side shall pay their own costs.
This the 27th day of October 2004.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER