* * * * * * * * * * *
Upon review of the competent evidence of record, with reference to the errors assigned, and finding no good grounds to receive further evidence, or to re-hear the parties or their representatives, *Page 2 
the Full Commission, upon reconsideration of the evidence, affirms the Opinion and Award of the Deputy Commissioner, and enters the following Opinion and Award.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which the parties entered into in their Pre-trial Agreement and at the hearing as:
 STIPULATIONS
1. On August 16, 2006, Plaintiff suffered an injury by accident to his left leg and ankle.
2. The parties stipulated to the following documents being admitted into evidence as stipulated exhibits:
 a. Stipulated Exhibit one (1) — Industrial Commission forms;
 b. Stipulated Exhibit two (2) — Plaintiff's medical records;
 c. Stipulated Exhibit three (3) — Plaintiff's medical bills;
 d. Plaintiff's Exhibit one (1) — List of contractors, Deed of Trust, plat for development, Housing and Urban Development (H.U.D.) statement, and certificate of occupancy;
 e. Plaintiff's Exhibit two (2) — Deed from Lyndale Development Corporation to Robin G. Pigg d/b/a R R Builders, recorded September 21, 2001;
 f. Robin Pigg's, Individually and Robin Pigg's d/b/a R R Builders' (hereinafter referred to as "the Pigg Defendants'") Exhibit three (3) — Deed of Trust from Robin G. Pigg d/b/a R R Builders, for the benefit of Centura Bank, recorded September 21, 2001;
 g. The Pigg Defendant's Exhibit four (4) — Final plat of Lyndale Acres II, dated *Page 3 
June 19, 2002;
 h. The Pigg Defendant's Exhibit five (5) — Building permit receipt, dated July 5, 2006;
 i. The Pigg Defendant's Exhibit six (6) — Permit for temporary power, dated July 5, 2006;
 j. The Pigg Defendant's Exhibit seven (7) — Utility service agreement, dated July 5, 2006;
 l. The Pigg Defendant's Exhibit eight (8) — Offer to Purchase and Contract, dated August 16, 2006;
 m. The Pigg Defendant's Exhibit nine (9) — Certificate of Occupancy, dated December 20, 2006;
 n. The Pigg Defendant's Exhibit 10 — H.U.D.-1 Uniform Settlement Statement, dated December 22, 2006;
 o. The Pigg Defendant's Exhibit 11 — North Carolina General Warranty Deed from Robin G. Pigg d/b/a R R Builders, and Robin G. Pigg and wife, Robin L. Pigg, to James Michael Hathaway and wife Ridgley Worden Hathaway, recorded December 22, 2006.
3. The parties entered into the following stipulations, in lieu of the deposition of Dr. Christopher Micheal Barsanti, Plaintiff's treating physician:
 a. Plaintiff's August 16, 2006 injury by accident to his left leg and ankle rendered him totally disabled from August 16, 2006 to September 26, 2007;
 b. The medical treatment Plaintiff received, as documented in Stipulated Exhibit *Page 4 
two (2), was reasonable and necessary, and a proximate result of Plaintiff's August 16, 2006 injury by accident to his left leg and ankle;
 c. Plaintiff's average weekly wage is $377.08, resulting in a weekly compensation rate of $251.40.
 * * * * * * * * * * * ISSUES
Whether Defendant R R Builders was a statutory employer, pursuant N.C. Gen. Stat. § 97-19?
 * * * * * * * * * * *
Based upon the competent and credible evidence of record, as well as any reasonable inferences that may be drawn therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At all times relevant to these proceedings, Defendant R R Builders operated as a sole proprietorship, owned by Defendant Robin G. Pigg, individually. Mrs. Robin Lancaster Pigg is married to Defendant Robin G. Pigg, but is not an individual owner or a partner in R R Builders.
2. Defendant Robin G. Pigg was the owner of the real property which included Lot eight (8), Lyndale Acres II, also known as 610 Tammy Drive, Tarboro, North Carolina (hereinafter referred to as the "610 Tammy Drive property"), from September 21, 2001 until December 22, 2006.
3. On or about July 5, 2006, Defendant Robin G. Pigg began building a house on the 610 Tammy Drive property by obtaining a building permit, as well as by obtaining temporary power and utility service in the name of Defendant Robin G. Pigg, as owner of the real property.
4. The Full Commission finds, based upon the greater weight of the evidence, that *Page 5 
Defendant Robin G. Pigg did not enter into a contract to build the house on the 610 Tammy Drive property for someone else, but rather, built the house for himself, as the owner of the property, with the intention to sell the house upon its completion.
5. The Full Commission finds, based upon the greater weight of the evidence, that Defendant Robin G. Pigg was neither a principal contractor nor a sub-contractor in the construction of the house on the 610 Tammy Drive property, but was the owner/builder of the house on the 610 Tammy Drive property.
6. The Full Commission finds, based upon the greater weight of the evidence, that at all times relevant to these proceedings, Defendant Danny Paul Cruse was an independent contractor hired to frame the house on the 610 Tammy Drive property for Defendant Robin G. Pigg. Defendant Danny Paul Cruse did work for other builders in Edgecombe County, North Carolina, both as an independent contractor for owners, and as a sub-contractor for principal contractors building houses.
7. Defendant Robin G. Pigg hired Defendant Danny Paul Cruse to do the framing on the house he was building on the 610 Tammy Drive property, and Defendant Danny Paul Cruse and his employees, including Plaintiff, began work on the framing process three (3) to four (4) weeks prior to any formal agreement or contract, on the part of Defendant Robin G. Pigg, to sell the house to a third party/buyer.
8. Defendant Danny Paul Cruse had one regular employee, Plaintiff, and one other person who worked sporadically when needed. Therefore, the Full Commission finds that Defendant Danny Paul Cruse was not subject to the North Carolina Workers' Compensation Act at the time of Plaintiff's August 16, 2006 work injury.
9. On August 16, 2006, Plaintiff was working as an employee of Defendant Danny Paul *Page 6 
Cruse, finishing the framing of the house on the 610 Tammy Drive property, when the scaffolding on which Plaintiff and Defendant Danny Paul Cruse were standing broke, causing Plaintiff to fall. This fall resulted in a comminuted, displaced left tibia fracture and a fibula fracture to Plaintiff's left leg and ankle.
10. The medical treatment set forth in the medical records in Stipulated Exhibit two (2) for the injuries Plaintiff suffered in the August 16, 2006 fall at work was reasonable and necessary.
11. By September 26, 2007, Plaintiff's fractures healed, and he was ready, willing, and able to return to work for Defendant Danny Paul Cruse performing house framing work.
12. According to Plaintiff's treating physician, Dr. Christopher Micheal Barsanti, Plaintiff did not suffer a permanent partial impairment to his left leg and ankle as a result of the August 16, 2006 fall at work. The Full Commission finds, based upon the greater weight of the evidence, that Plaintiff did not suffer a permanent partial impairment to his left leg and ankle as a result of the August 16, 2006 fall at work.
13. On or about August 16, 2006, Defendant Robin G. Pigg entered into an Offer to Purchase and Contract the 610 Tammy Drive property with James Michael Hathaway and wife Ridgley Worden Hathaway (hereinafter referred to as the "Hathaways"), pending completion of the construction of the house upon said property. This Offer to Purchase and Contract conveyed no ownership interest in the 610 Tammy Drive property to the Hathaways.
14. The Full Commission finds, based upon the greater weight of the evidence: that the Offer to Purchase and Contract was an executory contract entered into by the Hathaways to purchase the 610 Tammy Drive property from Defendant Robin G. Pigg after completion of the construction of the house; that said contract conferred no legal title to the 610 Tammy Drive property to the Hathaways; that said contract conferred upon the Hathaways no rights to dictate, designate, or *Page 7 
otherwise control the construction work performed on the house on the 610 Tammy Drive property, as evidenced by the fact that Defendant Robin G. Pigg selected the style and the location of the house on the 610 Tammy Drive property, that Defendant Robin G. Pigg obtained all of the permits associated with the construction of the house on the 610 Tammy Drive property, and that Defendant Robin G. Pigg undertook and controlled every transaction involving the construction of the house on the 610 Tammy Drive property; and that the Hathaways did not pay the purchase price under the terms of the Offer to Purchase and Contract. Rather, the Full Commission finds, based upon the greater weight of the evidence, that the Offer to Purchase and Contract was merely an agreement that Defendant Robin G. Pigg would sell the 610 Tammy Drive property to the Hathaways at a later date, after the completion of the construction on the house.
15. Defendant Robin G. Pigg did not convey legal title to the Hathaways for the 610 Tammy Drive property until December 22, 2006, pursuant to a North Carolina General Warranty Deed recorded on that date in the Edgecombe County Register of Deeds office.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Mrs. Robin Lancaster Pigg had no ownership interest in Robin G. Pigg d/b/a R R Builders, in the 610 Tammy Drive property, or in the construction of the house on the 610 Tammy Drive property.
2. Robin G. Pigg d/b/a R R Builders was a sole proprietorship owned solely by Defendant Robin G. Pigg. *Page 8 
3. In the construction of the house on the 610 Tammy Drive property, Defendant Robin G. Pigg was the owner/builder, and was neither a principal contractor nor a sub-contractor, as those terms are used in N.C. Gen. Stat. § 97-19. N.C. Gen. Stat. § 97-19 (2007).
4. Defendant Robin G. Pigg hired an independent contractor, Defendant Danny Paul Cruse, to frame the house on the 610 Tammy Drive property three (3) to four (4) weeks prior to the execution of the Offer to Purchase and Contract with the Hathaways.
5. At the time of his August 16, 2006 work injury, Plaintiff was not an employee of Defendant Robin G. Pigg, as that term is defined in N.C. Gen. Stat. § 97-2(2). N.C. Gen. Stat. § 97-2(2) (2007).
6. At the time of Plaintiff's August 16, 2006 work injury, Defendant Robin G. Pigg was not a statutory employer, pursuant to N.C. Gen. Stat. § 97-19, because Defendant Robin G. Pigg was not acting as a principal contractor, intermediate contractor, or subcontractor, but rather, was acting as the owner/builder of the 610 Tammy Drive property. Purser v.Heatherlin Properties, 137 N.C. App. 332, 527 S.E.2d 689, rev.denied, 352 N.C. 676, 545 S.E.2d 428 (2000); Mayhew v. Howell,102 N.C. App. 269, 401 S.E.2d 831, affirmed per curiam, 330 N.C. 113,408 S.E.2d 853 (1991).
7. In Mayhew, the facts were strikingly similar to those in the present case. Mayhew, 102 N.C. App. 269, 401 S.E.2d 831, affirmed percuriam, 330 N.C. 113, 408 S.E.2d 853 (1991). In holding that the owner/builder in Mayhew was not a statutory employer, pursuant to N.C. Gen. Stat. § 97-19 of the North Carolina Workers' Compensation Act, the North Carolina Court of Appeals quoted Evans v. Tabor City LumberCo., wherein the North Carolina Supreme Court noted:
 [t]he logic of the Industrial Commission in concluding that there can be no sub-contractor without an original contractor is unimpeachable; and by "original contractor" is meant one who has undertaken for another to *Page 9 
do something, the performance of which he has in whole or in part sublet to another. It would be unreasonable to assume that a person could contract with himself to do something for his own benefit so as to answer the definition of original contractor if he should contract the performance of that operation to another person or concern. Id., at 273, 401 S.E.2d at 834, affirmed per curiam, 330 N.C. 113, 408 S.E.2d 853
(1991), quoting, Evans v. Tabor City Lumber Co., 232 N.C. 111, 117, 59 S.E.2d 612, 616
(1952).
8. In this case, the competent, credible evidence of record is clear that Defendant Robin G. Pigg undertook to hire Defendant Danny Paul Cruse for his own benefit, since Defendant Robin G. Pigg hired Defendant Danny Paul Cruse three (3) to four (4) weeks prior to the execution of the Offer to Purchase and Contract. By definition, this means that the construction of the house on the 610 Tammy Drive property by Defendant Robin G. Pigg could not have been "undertaken for another," and so the hiring of Defendant Danny Paul Cruse to frame the house could not have been "sublet to another . . . so as to answer the definition of original contractor. . . ." Id. Because there was no specific purchaser of the 610 Tammy Drive property at the time of the hiring of Defendant Danny Paul Cruse by Defendant Robin G. Pigg, such engagement could be nothing more than the owner of real property hiring the services of an independent contractor to make improvements upon such real property.
9. The Offer to Purchase and Contract was an executory contract entered into by the Hathaways to purchase the 610 Tammy Drive property from Defendant Robin G. Pigg after completion of the construction of the house; said contract conferred no legal title to the 610 Tammy Drive property to the Hathaways; said contract conferred upon the Hathaways no rights to dictate, designate, or otherwise control the construction work performed on the house on the 610 Tammy Drive property, as evidenced by the fact that Defendant Robin G. Pigg selected the style and the location of the house on the 610 Tammy Drive property, that Defendant Robin G. Pigg obtained all of the permits *Page 10 
associated with the construction of the house on the 610 Tammy Drive property, and that Defendant Robin G. Pigg undertook and controlled every transaction involving the construction of the house on the 610 Tammy Drive property; and the Hathaways did not pay the purchase price under the terms of the Offer to Purchase and Contract. Rather, the Offer to Purchase and Contract was merely an agreement that Defendant Robin G. Pigg would sell the 610 Tammy Drive property to the Hathaways at a later date, after the completion of the construction on the house.
10. With respect to employers subject to the North Carolina Workers' Compensation Act who do not have workers' compensation insurance coverage, the Act provides that:
 Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, and until the same ceases. . . . Any person who, with the ability and authority to bring an employer in compliance with N.C. Gen. Stat. § 97-93, willfully fails to bring the employer in compliance, shall be guilty of a Class H felony. Any person who, with the ability and authority to bring an employer in compliance with N.C. Gen. Stat. § 97-93, neglects to bring the employer in compliance, shall be guilty of a Class 1 misdemeanor. Any person who violates this subsection may be assessed a civil penalty by the Commission in an amount up to one hundred percent (100%) of the amount of any compensation due the employers' employees injured during the time the employer failed to comply with N.C. Gen. Stat. § 97-93. North Carolina General Statutes §§ 97-94(b) and 97-94(d) (2007).
11. In this case, there is no evidence that any party to North Carolina Industrial Commission file number PH-1884 was subject to the requirement to have workers' compensation insurance coverage. Therefore, no penalties are assessed in this matter.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission *Page 11 
makes the following:
 AWARD
1. Plaintiff's claim against The Pigg Defendants is hereby DENIED.
2. There is no evidence that any party to North Carolina Industrial Commission file number PH-1884 was subject to the requirement to have workers' compensation insurance coverage. Therefore, no penalties are assessed in this matter.
3. Each party shall bear their own costs.
This the ___ day of August 2008.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER *Page 1