ROY J. WILLIAMS, Employee, Plaintiff-Appellee v. ARL, INCORPORATED, NON-INSURED, Employer, Defendant-Appellant

No. COA98-1011

(Filed 15 June 1999)

**Workers' Compensation— employer-employee relationship— jurisdiction**

A Workers' Compensation award was reversed where plaintiff was a truck driver who suffered frostbite while unloading a truck and the Industrial Commission found that he had sustained an injury by accident arising out of and in the course of his employment. The company for which plaintiff worked, B.J.

WILLIAMS v. ARL, INC.

[133 N.C. App. 625 (1999)]

Transportation, had contracted with defendant, and, assuming that plaintiff could be considered an employee of defendant as well as of B J. Transportation, there was no record evidence from which to find that defendant regularly employed three or more employees, so as to be subject to the provisions of the Workers' Compensation Act. As to the "statutory employer" provisions of N.C.G.S. § 97-19, the greater weight of the evidence discloses that B.J. Transportation retained the right to control the manner in which it performed the work for defendant as an independent contractor; N.C.G.S. § 97-19 therefore does not apply to bring defendant within the jurisdiction of the Workers' Compensation Act.

Appeal by defendant from opinion and award of the North Carolina Industrial Commission entered 8 April 1998. Heard in the Court of Appeals 20 April 1999.

*Robert L. White for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Scott J. Lasso and Jaye E. Bingham, for defendant-appellant.*

MARTIN, Judge.

Defendant appeals from an opinion and award of the North Carolina Industrial Commission awarding plaintiff compensation for temporary total disability, permanent partial disability, and medical expenses for frostbite injuries to both hands. Defendant challenges the Commission's jurisdictional findings and conclusions that an employment relationship within the meaning of the Workers' Compensation Act existed between plaintiff and defendant, as well as the Commission's conclusion that plaintiff sustained an injury by accident arising out of his employment.

As pertinent to the issues raised by this appeal, the evidence before the Commission showed that at the time of his injury on 1 February 1993, plaintiff worked as a long-haul truck driver for B.J. Transportation, a freight hauling business. B.J. Transportation had a contract with defendant, ARL, Inc., to haul freight. Under the terms of the contract, B.J. Transportation was an independent contractor, and ARL, Inc., was a "carrier" under Interstate Commerce regulations, leasing trucks from B.J. Transportation which were then operated under defendant's ICC certification. The contract required that B.J. Transportation provide drivers for its trucks, who were to be

**WILLIAMS v. ARL, INC.**

[133 N.C. App. 625 (1999)]

considered employees of B.J. Transportation; that B.J. Transportation would provide workers' compensation insurance for its employees; and that defendant would have no responsibility for B.J. Transportation's liability under workers' compensation laws. Plaintiff was compensated on a rate per mile basis by B.J. Transportation, which issued his paychecks, withheld social security, federal and state taxes from his pay, and provided him with a W-2 wage and tax statement.

Though an appendix to the contract provided that defendant was to "have the exclusive possession, control and use of the equipment," the contract provided that defendant would have no direction or control over B.J. Transportation's drivers; that B.J. Transportation would have the right to refuse any load of freight tendered by defendant; and that B.J. Transportation would determine how the freight was loaded, hauled, and unloaded, subject only to the shipper's requirements and pick-up and delivery timetables. Plaintiff was permitted to choose the route which he would take, as well as his stops, and was required only to submit a daily log to defendant.

Plaintiff hauled a load of lumber to Lowville, N.Y. for defendant on 31 January 1993. He was injured when he suffered frostbite while unloading the lumber in extremely cold conditions on 1 February 1993. He remained out of work until 9 June 1993.

The Commission found and concluded that plaintiff had sustained an injury by accident arising out of and in the course of his employment, for which he was entitled to compensation for temporary total disability as well as for a 5% permanent partial impairment of his left hand, and a 17% permanent partial impairment of his right hand. The Commission also found and concluded that plaintiff was an employee of defendant ARL, Inc., while operating the truck and unloading the lumber, and that defendant was also liable for compensation under G.S. § 97-19 because it had not obtained a certificate from B.J. Transportation showing proof of workers' compensation insurance coverage on its drivers, including plaintiff.

We consider first the jurisdictional question of whether an employer-employee relationship within the meaning of the Workers' Compensation Act, G.S. §§ 97-1 *et seq.* ("the Act"), existed between plaintiff and defendant, ARL, Inc., at the time of the injury. An injured person is entitled to workers' compensation benefits under the Act only if he is an employee of the party from whom compensation is sought. *Richards v. Nationwide Homes*, 263 N.C. 295, 139 S.E.2d 645

(1965); *Boone v. Vinson*, 127 N.C. App. 604, 492 S.E.2d 356 (1997), *disc. review denied*, 347 N.C. 573, 498 S.E.2d 377 (1998). Thus, the issue of plaintiff's employment status in relation to defendant is a jurisdictional issue; the Commission has no jurisdiction to apply the Act to a party who is not subject to its provisions. *Youngblood v. North State Ford Truck Sales*, 321 N.C. 380, 364 S.E.2d 433 (1988). When issues of jurisdiction arise, "the jurisdictional facts found by the Commission, though supported by competent evidence, are not binding on this Court," and we are required to make independent findings with respect to jurisdictional facts. *Cook v. Norvell-Mackorell Real Estate Co.*, 99 N.C. App. 307, 309, 392 S.E.2d 758, 759 (1990) (citing *Youngblood, supra*).

The Commission first found that while plaintiff was operating the truck and performing other duties incidental thereto, including unloading the freight, he was defendant's employee. The Commission relied, *inter alia*, upon *Brown v. L.H. Bottoms Truck Lines*, 227 N.C. 299, 42 S.E.2d 71 (1947), which established that owner-drivers who operate in interstate commerce under the license tags and authority granted to a franchise carrier by the ICC are deemed employees of the carrier for the duration of the trip. *See Parker v. Erixon*, 123 N.C. App. 383, 473 S.E.2d 421 (1996). Here the evidence showed that defendant provided the ICC certification necessary for B.J. Transportation to operate in interstate commerce.

However, for an employer be bound by the Act, the employer must regularly employ an established number of employees as set by the Act. *Durham v. McLamb*, 59 N.C. App. 165, 296 S.E.2d 3 (1982); *Cousins v. Hood*, 8 N.C. App. 309, 174 S.E.2d 297 (1970). G.S. § 97-2(1) defines the parameters of "employment" as including all "private employments in which three or more employees are regularly employed in the same business or establishment." N.C. Gen. Stat. § 97-2(1). The question of whether plaintiff was in the employment of an entity employing three or more regular employees is a jurisdictional issue as to which this Court must make an independent determination. *Cain v. Guyton*, 79 N.C. App. 696, 340 S.E.2d 501, *affirmed*, 318 N.C. 410, 348 S.E.2d 595 (1986); *Wiggins v. Rufus Tart Trucking Co.*, 63 N.C. App. 542, 305 S.E.2d 749 (1983). Assuming, *arguendo*, that the rule in *Brown* applies so that plaintiff could be considered an employee of defendant ARL, Inc., as well as B.J. Transportation, there is no evidence in the record from which this Court can find that defendant ARL, Inc., regularly employs three or more employees so as to be subject to the provisions of the Act.

WILLIAMS v. ARL, INC.

[133 N.C. App. 625 (1999)]

The Commission also applied G.S. § 97-19, the "statutory employer" provision of the Act, to find that defendant is within the jurisdiction of the Act for the purposes of plaintiff's claim. G.S. § 97-19, as in effect at the time of plaintiff's injury, provides in pertinent part:

> Any principal contractor, intermediate contractor, or subcontractor who shall sublet any contract for the performance of any work without requiring from such subcontractor or obtaining from the Industrial Commission a certificate, issued by a workers' compensation insurance carrier, or a certificate of compliance issued by the Department of Insurance to a self-insured subcontractor, stating that such subcontractor has complied with G.S. 97-93 hereof, shall be liable . . . to the same extent as such subcontractor would be if he were subject to the provisions of this Article for the payment of compensation and other benefits under this Article on account of the injury or death of . . . any employee of such subcontractor due to an accident arising out of and in the course of the performance of the work covered by such subcontract.

N.C. Gen. Stat. § 97-19. The statute is an exception to the general definitions of "employment" and "employee" set forth in G.S. § 97-2, and provides that a principal contractor, intermediate contractor, or subcontractor may be held liable as a statutory employer where two conditions are met: (1) "the injured employee must be working for a subcontractor doing work which has been contracted to it by a principal contractor," and (2) "the subcontractor does not have workers' compensation insurance coverage covering the injured employee." *Rich v. R.L. Casey, Inc.*, 118 N.C. App. 156, 159, 454 S.E.2d 666, 667, *disc. review denied*, 340 N.C. 360, 458 S.E.2d 190 (1995). This statutory exception " 'is not applicable to an independent contractor as distinguished from a subcontractor of the class designated by the statute.' " *Mayhew v. Howell*, 102 N.C. App. 269, 272, 401 S.E.2d 831, 833, *affirmed*, 330 N.C. 113, 408 S.E.2d 853 (1991) (quoting *Greene v. Spivey*, 236 N.C. 435, 444, 73 S.E.2d 488, 494 (1952)).

Here, the contract between B.J. Transportation and defendant expressly provided that B.J. Transportation was an "independent contractor." Notwithstanding, however, how the parties may have designated their relationship, the actual relationship created by the agreement is a legal question. *Hayes v. Board of Trustees of Elon College*, 224 N.C. 11, 29 S.E.2d 137 (1944); *Robinson v. Whitley*

*Moving & Storage, Inc.*, 37 N.C. App. 638, 246 S.E.2d 839 (1978). The question of whether a relationship is one of employer-employee or independent contractor turns upon "the extent to which the party for whom the work is being done has the right to control the manner and method in which the work is performed." *Fulcher v. Willard's Cab Co.*, 132 N.C. App. 74, 79, 511 S.E.2d 9, 13 (1999) (citing *Hayes, supra*). There are generally eight factors to be considered in determining the degree of control exercised by the hiring party, including whether the employed,

> (a) is engaged in an independent business, calling or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time.

*Id.* at 77, 511 S.E.2d at 12. No one factor is determinative. *Id.*

In the present case, B.J. Transportation is engaged in the independent business of freight-hauling. Under its contract with defendant, B.J. Transportation was responsible for hiring, training, and compensating its truck drivers, and defendant was afforded no direction or control over the drivers except in the result to be obtained. Plaintiff, a B.J. Transportation employee, had discretion to choose his delivery routes and to make as many stops as he desired. B.J. Transportation had the right to refuse any load of freight it did not wish to haul for defendant, and, with respect to those loads which it hauled, had discretion as to how the freight was loaded, hauled, and unloaded, subject only to delivery and pick-up timetables. The contract provided for defendant to compensate B.J. Transportation on a quantitative basis. The greater weight of the evidence discloses that B.J. Transportation retained the right to control the manner in which it performed the work for which it contracted with defendant and, thus, B.J. Transportation was an independent contractor to defendant. G.S. § 97-19 therefore does not apply to bring defendant within the jurisdiction of the Workers' Compensation Act, *see Mayhew, supra*, and the Commission had no jurisdiction to enter an award against defendant. Accordingly, the Commission's opinion and award in this case must be reversed.

COPPLEY v. PPG INDUS., INC.

[133 N.C. App. 631 (1999)]

In view of our decision, it is unnecessary to address the issues raised by defendant's remaining assignments of error.

Reversed.

Judges GREENE and McGEE concur.