I respectfully dissent from the majority opinion in this case and would find that plaintiff is a sales agent who is not entitled to workers' compensation benefits. See Creswell v. Charlotte News Publishing Co.,204 N.C. 380, 168 S.E.2d 408 (1933).
The majority opinion eloquently examines the distinction between an independent contractor and an employee, but does not acknowledge North Carolina law indicating that sales agents are not employees subject to the Workers' Compensation Act. See Creswell v. Charlotte News PublishingCo., 204 N.C. 380, 168 S.E.2d 408 (1933). Although the majority has analyzed this case in accordance with our Supreme Court's opinion inCooper v. Asheville Citizen-Times Publishing Company, 258 N.C. 578,129 S.E.2d 107 (1963), and the principles applied in that decision, the majority ignores the Supreme Court's explicit language regarding theCreswell decision:
 `The Publishing Company stresses our decision in Creswell v. Charlotte News Publishing Co., 204 N.C. 380, 168 S.E.2d 408, in which this court held a fourteen-year old newsboy who made street sales under the arrangement therein stated was not an `employee' within the definitions set forth in our Workers' Compensation Act. Suffice to say, whether [plaintiff] was an employee within the meaning of the Workers' Compensation Act is not presented or decided.'
Cooper v. Asheville Citizen-Times Publishing Company, 258 N.C. 578,129 S.E.2d 107 (1963) (acknowledging that a principal may be liable to third parties for the negligence of its agent, although agent may not be an employee for workers' compensation purposes). Considering that our Supreme Court expressly withheld applying the Cooper analysis to workers' compensation cases, in the absence of contrary authority, I believe that the majority errs in applying Cooper rather than Criswell as the applicable authority in this case.
Further, even under the Cooper analysis, the majority strains to find compensability. The evidence is undisputed that plaintiff had no contract with defendant-employer to deliver newspapers on the route she was traveling when she was injured. Rather, plaintiff was the subagent of her daughter who held the contract with defendant-employer. Further, plaintiff's passenger was either her subagent or another subagent of her daughter. Thus, it is apparent that defendant-employer did not hire or control the persons who performed the contracted services (i.e., the delivery of the newspapers). Similar to Criswell, plaintiff (or actually her daughter as the agent) was paid on a per paper basis earning the difference between the cost of the papers delivered and the amount collected for the papers. Plaintiff (or her daughter as the agent) supplied the transportation, supplies including rubber bands and plastic bags, and assistants necessary to deliver the papers. Defendant-employer did not control the method or means of plaintiff's compliance with the Distributor Sales Agreement. The agent was able to deliver the newspapers personally, use assistants, and could deliver the route in the manner that the agent sought fit. Defendant-employer's only control was to enforce the intent of the Distributor Sales Agreement to the effect that the newspapers be delivered in a timely manner. This control, however, is not sufficient to render an employer-employee relationship.Criswell, supra. The principal is entitled to inspect and enforce the desired results of the contract and absent the right to control the methods and means of performing the contract does not become the employer of the agent. See Alford v. Victory Cab Co., 30 N.C. App. 657,228 S.E.2d 43 (1976).
The question of whether an employer-employee relationship exists depends upon `the extent to which the party for whom the work is being done had the right to control the manner and method in which the work is performed.' Williams v. ALR, Inc., 133 N.C. App. 625, 516 S.E.2d 187
(1999). In determining whether an employer-employee relationship exists, the Commission and Courts generally consider eight factors which consider whether the alleged employee:
1. is engaged in an independent business, calling, or occupation;
 2. is to have independent use of his special skill, knowledge, or training in the execution of the work;
 3. is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis;
 4. is not subject to discharge because he adopts one method of doing the work rather than another;
5. is not in the regular employ of the other contracting party;
6. is free to use such assistants as he may think proper;
7. had full control over such assistants; and
8. selects his own time.
Hayes v. Elon College, 224 N.C. 11, 29 S.E.2d 137 (1944); Williams v.ALR, Inc., 133 N.C. App. 625, 516 S.E.2d 187 (1999); Fulcher v. WilliamsCab Co., 132 N.C. App. 74, 511 S.E.2d 9 (1999). Consistent with the facts in Criswell, Fulcher, and Williams, plaintiff in this case was not subject to the control of defendant-employer while traveling on the roads delivering newspapers. Newspaper delivery is often performed by independent sales agents and defendant-employer is aware that many of the drivers are delivering for other newspapers at the same time. The delivery agent determines when they work, with the only limitation being when the newspapers are available and the time by which they need to be delivered. The delivery agent determines the route of the delivery and the method of delivery. The delivery agent determines the assistants. All of these factors, among others, suggests that plaintiff was not subject to the control of defendant-employer, and thereby was not defendant's employee when she was injured. See Creswell v. CharlotteNews Publishing Co., 204 N.C. 380, 168 S.E.2d 408 (1933); Williams v.ALR, Inc., 133 N.C. App. 625, 516 S.E.2d 187 (1999); Fulcher v. WilliamsCab Co., 132 N.C. App. 74, 511 S.E.2d 9 (1999); Alford v. Victory CabCo., 30 N.C. App. 657, 228 S.E.2d 43 (1976).
The issue of whether plaintiff is an employee, and thereby whether the Commission has jurisdiction over her claim, is a question of law subject to full review by our appellate courts. Youngblood v. North State FordTruck Sales, 321 N.C. 380, 364 S.E.2d 433 (1988). The issue presented in this case is not limited to newspaper delivery persons and is similarly raised in cases involving sales agents including Avon, May Kay, Tupperware, insurance, magazine, and other sales organizations where, in an effort to maintain quality control concerning the delivery of its products or services, the principal may exert some control over its otherwise independent sales agents. The Commission, potential employers, insurance companies, and others could benefit from a clear judicial interpretation of who is an employee in light of the Criswell
and Cooper decisions. Until the appellate court, or legislature, states to the contrary, the Supreme Court's advice in the Criswell controls the result in this case.
SIGNED this ___ day of December, 2001.
 S/______________ RENE C. RIGGSBEE COMMISSIONER