***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Deluca and the briefs and arguments before the Full Commission. The appealing parties have not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications, the Opinion and Award of Deputy Commissioner Deluca.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which *Page 2 
were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. On all relevant dates, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On all relevant dates, defendant-employer was insured for injuries sustained under the Workers' Compensation Act by Travelers Insurance Company.
3. Mary Ann Lee (hereafter "decedent") died on February 20, 1993 as a result of injuries sustained on or about that date.
4. At the time of decedent's death, Michael R. Lee was decedent's husband, and Matthew Reid Lee and Melinda Rae Lee were the minor children of decedent.
5. Compensability for decedent's alleged injury of February 20, 1993 has been denied by defendants, and no compensation has been paid for decedent's alleged injury.
6. There are no medical reports in the possession of the parties to be received into evidence in this matter.
7. The following exhibits were stipulated into evidence:
 (a) Stipulated Exhibits 1-7: pre-trial agreement, Industrial Commission forms, marriage certificates, birth certificate, death certificate, discovery responses
 (b) Plaintiffs' Exhibit 1: Industrial Commission forms, discovery and birth certificates
 (c) Defendants' Exhibit 1: newspaper clippings
 (d) Stipulated Deposition Exhibit 1: including Form 19, correspondence to AETNA Casualty Surety, motor vehicle lease agreement *Page 3 
8. The parties stipulated to the following language concerning average weekly wage and compensation rates:
Defendants have denied plaintiffs' claim on multiple grounds, including that plaintiffs' claims are time barred, that decedent was not an employee of City Cab of Tarboro, and that decedent did not sustain a compensable injury by accident arising out of and in the course of her alleged employment. However, should the Commission find that the plaintiffs' claims are not time barred, and that decedent was an employee of City Cab of Tarboro as defined by the Act, for the purposes of this claim, the parties agree to stipulate to an average weekly wage $450.00, yielding a compensation rate of $300.00.
9. The Industrial Commission file contains no documents prior to the receipt of plaintiffs' Form 33 in July 2007. The Industrial Commission file is such that the prior receipt of notice of claim before July 2007 would be evident.
10. The issues before the Full Commission for determination are whether Michael Lee, Matthew Lee, and Melinda Lee timely filed their claim for workers' compensation benefits on behalf of decedent, whether decedent was an employee of City Cab of Tarboro at the time of the alleged injury, and if so, whether she sustained a compensable injury by accident resulting in her death and therefore her dependents are entitled to compensation.
 ***********
Based upon all the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. Decedent began working with City Cab of Tarboro (hereafter "City Cab") in the summer of 1992 as a dispatcher and then became a driver in early December, 1992. The cab she *Page 4 
drove was leased from City Cab and bore the company's logo on its side.
2. Decedent died February 20, 1993 when she was assaulted and killed while operating her cab. There is no evidence that decedent knew her assailants prior to the murder. Robbery and rape were the initial suspected motives, but rape was ruled out later and only robbery remained as a criminal charge in addition to murder. The two criminal defendants were tried and convicted, with one pleading guilty prior to the verdict, and both remain in prison at this time.
3. Decedent was married to Michael Lee on April 12, 1986, and during the course of their marriage they had two children together: Matthew Reid Lee, born March 23, 1985, and Melinda Rae Lee, born July 24, 1988. Matthew Lee turned age 18 on March 23, 2003. Melinda Lee turned age 18 on July 24, 2006.
4. Michael Lee was never officially divorced from decedent, but they were separated at the time of her death. The separation was by mutual agreement, and decedent and Michael Lee lived in separate residences.
5. A separation agreement was completed, and decedent and Michael Lee were represented by counsel. All parties signed the separation agreement, which was filed at the Edgecombe County Courthouse and approved by the Court in or around 1990. The separation agreement provided Michael Lee primary physical custody of the children. The children were in his custody until they reached the age of 18. Both children attended public school, and Michael Lee signed any forms or documents received from the school that had to be completed by the children's legal guardian. Michael Lee also signed and completed any medical consent forms that required execution by a legal guardian. He filed tax returns during this period and claimed both children as his dependents. Michael Lee handled all financial issues on behalf of his *Page 5 
children, including administration of their bank accounts. He also completed all insurance and DMV forms for his children to obtain their driver's permits/licenses. No guardian, trustee or committee was appointed for decedent's son and daughter after decedent's death. Michael Lee was never appointed legal guardian of the children.
6. At the time of decedent's death, Michael Lee was employed by Glenoit Hosiery and was not financially dependent upon her.
7. Plaintiffs filed a Form 33 Request for Hearing on July 12, 2007, seeking payment of death benefits, over fourteen years after decedent's death. Defendants denied plaintiffs' claim on multiple grounds, including that plaintiffs' claim was time barred, that decedent was not an employee of City Cab, and that decedent did not sustain a compensable injury by accident arising out of and in the course of her employment.
8. Decedent's husband, Michael Lee, filed his claim seeking death benefits more than fourteen years after decedent's death. Therefore, Michael Lee failed to file his claim for death benefits within two years after decedent's death and his claim is barred by N.C. Gen. Stat. § 97-24.
8. Decedent's son, Mathew Lee, filed his claim seeking death benefits five years after he reached 18 years of age. Therefore, the claim filed by Matthew Lee was not filed within two years after he reached his majority and his claim is statutorily barred.
9. Decedent's daughter, Melinda Lee, filed her claim seeking death benefits one year after she reached 18 years of age and therefore her claim for benefits is not time barred.
10. Decedent signed a motor vehicle lease agreement on or about December 3, 1992, when she began driving a taxicab for City Cab. However, the lease agreement was never signed by a representative of City Cab and therefore was not binding on the parties or legally *Page 6 
enforceable. Mary Lancaster, who was a supervisor at City Cab, attested the agreement only as a witness, but did not execute the agreement in a representative capacity. The agreement therefore remained inchoate as of February 20, 1993.
11. Due to the death of decedent and the fact that City Cab is no longer doing business and its owners could not be located, and that the witnesses who testified knew nothing about the employment relationship, the lease agreement, although not legally binding, constitutes the only evidence of the employment relationship between City Cab and decedent. The lease agreement provided that decedent leased a cab from City Cab and agreed to pay City Cab daily rental fees of $21.00 per day plus $.10 per mile for each mile driven during the 24-hour period. It appears from the lease agreement that plaintiff kept the fares and tips she earned, from which she paid the rental fees to City Cab.
12. The lease agreement provided that decedent was to be the sole driver of the cab and was responsible for paying any fines, parking violations, traffic citations, for purchasing gas, and for providing all maintenance and upkeep of the cab. Decedent agreed that she was an independent contractor and was responsible for her own taxes and social security withholding. Decedent also agreed to a covenant not to compete. City Cab had the right to inspect the vehicle and could terminate the lease agreement for any non-payment on the lease, customer complaints and other reasons. The lease agreement also provided that the cab would be parked on City Cab's premises when not operated by decedent.
13. The testimony at the hearing before the Deputy Commissioner also showed that decedent drove the cab for personal purposes while it was leased, in that she picked up her children in the cab and allowed her sister to ride in the cab. Further, decedent was not a covered employee under City Cab's workers' compensation policy. *Page 7 
14. The greater weight of the evidence fails to show that City Cab had control over decedent's work schedule or her method of performing her driving duties.
15. Plaintiffs failed to prove by the greater weight of the evidence that decedent was an employee of City Cab. Rather, decedent was an independent contractor working for City Cab.
16. Defendants are not estopped from denying the claim based upon the failure to file a Form 19 or Form 29 for decedent's injury.
 ***********
Based upon the above stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Decedent's husband, Michael Lee, did not file his claim within two years of decedent's stipulated accident date, February 20, 1993, and therefore, his claim is barred due to the failure to meet the condition precedent in N.C. Gen. Stat. § 97-24.
2. Decedent's son, Matthew Lee, did not file his claim within two years of reaching 18 years of age on March 23, 2003, and therefore his claim is barred due to failure to meet the condition precedent in N.C. Gen. Stat. § 97-24.
3. Decedent's daughter, Melinda Lee, timely filed her claim for death benefits within two years of reaching 18 years of age on July 24, 2006, and therefore her claim is preserved by N.C. Gen. Stat. § 97-50. McGill v. Freight,245 N.C. 469, 96 S.E.2d 438 (1957).
4. An injured person is entitled to workers' compensation benefits under the North Carolina Workers' Compensation Act only if he is an employee of the party from whom compensation is sought.Barber v. Going West Transp., Inc.,134 N.C. App. 428, 517 S.E.2d 914 (1999); Williams v. ARL,Inc., 133 N.C. App. 625, 516 S.E.2d 187 (1999). To be entitled to *Page 8 
maintain a claim for workers' compensation, the claimant must be, in fact and in law, an employee of the party from whom compensation is claimed. Hicks v. Guilford Co.,267 N.C. 364, 148 S.E.2d 240 (1966). An independent contractor is not a person included within the terms of the North Carolina Workers' Compensation Act, and the Industrial Commission has no jurisdiction to apply the Act to a person who is not subject to its provisions. Id.
5. In the case before the Commission, the contract between City Cab and decedent provided that decedent was an independent contractor. However, the actual relationship between the parties is determinative, not how the parties may have designated their relationship. Youngblood v. North State Ford Truck Sales,321 N.C. 380, 364 S.E.2d 433 (1988); Williams v. ARL, Inc.,supra. In Hayes v. Elon College,224 N.C. 11, 29 S.E.2d 137 (1944), the North Carolina Supreme Court held that the dominant indicator in the determination of whether a worker is an independent contractor or an employee is whether the employer has authority to control the manner and method in which the work is performed. Id. The Court stated that no one factor is controlling and the presence of all factors is not required in a determination of the degree of control exercised by an employer in each situation. Id. The test for determining whether a claimant is an employee or independent contractor is whether the employer has the right to control the worker as to the manner and method of performing the work or the right merely to require certain actions pursuant to an agreement or contract between the parties.Alford v. Cab Co., 30 N.C. App. 657, 228 S.E.2d 43 (1976).
6. The party claiming benefits has the burden of proving that an employer-employee relationship existed at the time an injury by accident occurred. Hughart v. Dasco Transp., Inc.,167 N.C. App. 685, 606 S.E.2d 379 (2005); Lloyd v. JenkinsContext Co., 46 N.C. App. 817, 266 S.E.2d 35 (1980). *Page 9 
7. In this case plaintiffs failed to establish that City Cab had the right to control the manner and method in which the driving of the taxicab was to be performed by decedent. Therefore, under the circumstances of this case, plaintiffs have failed to present sufficient evidence to establish that decedent was an employee of City Cab. The greater weight of the evidence shows that decedent was an independent contractor. Fulcher v. Willard's Cab Co.,132 N.C. App. 74, 511 S.E.2d 9 (1999); Alford v. Cab Co.,30 N.C. App. 657, 228 S.E.2d 43 (1976).
8. Under the provisions of the North Carolina Workers' Compensation Act, the Industrial Commission has no jurisdiction to apply the Act in this case. N.C. Gen. Stat. § 97-2(2); Lucas v.Stores, 289 N.C. 212, 221 S.E.2d (1976).
9. Defendants are not estopped from denying plaintiffs' claim due to their failure to file a Form 19 or Form 29. The notice requirement of N.C. Gen. Stat. § 97-92 does not invoke the jurisdiction of the Industrial Commission without a claimant first filing notice of a claim. Whitted v. Palmer-Bee Co.,228 N.C. 447, 46 S.E.2d 109 (1948). Plaintiffs' time to file their claim is not tolled by the employer's failure to file necessary documentation with the Commission. Knight v. Cannon MillsCo., 82 N.C. App. 453, 347 S.E.2d 832 (1986).
 *********** ORDER
1. Plaintiffs' claims for death benefits under the Workers' Compensation Act must be as a matter of law, and are hereby, DENIED.
2. The parties shall bear their own costs.
This the 17th day of March 2010.
 S/___________________ *Page 10 
LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING AND DISSENTING IN PART:
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 11