***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and arguments of the parties. The appealing party has shown good grounds to reconsider the evidence. Upon reconsideration, the Full Commission reverses the Opinion and Award of Deputy Commissioner Phillips.
 *********** EVIDENTIARY MATTERS *Page 2 
At the hearing before the Full Commission, Defendants made a motion to admit a packet of additional evidence. From that packet, the Full Commission admits the following additional evidence:
1. Charlotte-Mecklenburg Police Department Incident Report, Public Release Incident Report Data as of June 19, 2008
2. Patient Statement from Horizon Eye Care for Felicia McGriff for the period of January 1, 2008 through May 5, 2008
3. Written statement dated October 30, 2009 by Tiffany Patterson and written statement dated October 31, 2009 by Gail Bowens
4. City of Charlotte /or Mecklenburg County Privilege License for Jumpstart Tax Services for 2006-2007, 2008-2009, and 2009-2010
 ***********
Prior to the date of the Full Commission hearing, Plaintiff waived oral argument before the Full Commission and filed a motion to dismiss Defedants' appeal to the Full Commission. Plaintiff's motion is DENIED.
 ***********
The following documentary evidence was received as:
 EXHIBITS a. Plaintiff's Ex. # 1 (Hearing Date 6/18/09)-Medical Records
 b. Plaintiff's Ex. #1-Letter written by Tiffany Patterson dated 10/16/07
 c. Defendant's Ex. #1-1099's for Plaintiff for 2007-2008
 d. State's Ex. #1-NCIC Database Coverage Screen Printout for Jumpstart Tax Services *Page 3 
 e. State's Ex. #2-Secretary of State's Records for Janiyah Shoe Forum, LLC
 f. State's Ex. #3-NCIC Database Coverage Screen Printout for Janiyah Shoe Forum, LLC
 ***********
Based upon all of the competent credible evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is 45 years old with a date of birth of October 25, 1965. Plaintiff completed high school and two years at Wake Forest Technical School and holds an associate degree in Accounting and in Early Childhood.
2. Defendant, Janiyah Shoe Forum, LLC, was established in 2006. The company was intended to be a retail shoe store. Alkesha Sneed is the sole member of the company. The present purpose of the business is to prepare yearly tax forms. Ms. Sneed testified that she does not have any employees and that everyone "comes in under a 1099, so they're considered self-employed." Ms. Sneed testified that Plaintiff began working for Defendant Jumpstart in 2007.
3. According to Ms. Sneed the individuals that work for Defendant come in when they need to prepare taxes for clients. Ms. Sneed testified that the workers are not hourly and do not have a schedule. Ms. Sneed did require the workers to be professional and to use Drake Software for their tax preparations in the office.
4. Plaintiff testified that she began work with Defendant Jumpstart in 2004 as a "self-contractor". Plaintiff was paid a percentage of what she charged her clients. Most clients were charged $300 to have their taxes prepared. Typically, Plaintiff received 15% of $300 as compensation. The remainder of the fee went to the office. *Page 4 
5. The Form 1099-MISC issued by Defendant for Plaintiff in 2007 and 2008 identifies Plaintiff's wages as nonemployee wages.
6. Plaintiff testified that in 2006 she became the office manager earning $400 per week. Plaintiff claimed she would begin work during the first of November and work through the next year until May 15th. Defendant's Exhibit No. 1 was received into evidence showing that Plaintiff earned $13,250 for the year 2007 and $6,803.00 for the year 2008 as a nonemployee.
7. Contrary to Plaintiff's testimony, Ms. Sneed testified that Plaintiff was not appointed as an office manager and that Mr. Greg Mack and Mr. Michael Edwards acted in the capacity of office manager. Ms. Sneed further stated that the employees were paid every two weeks.
8. Mr. Edwards was the Operations Manager for Defendant. Mr. Edwards testified that his job responsibilities were to make sure that things ran smoothly as he oversaw the business. Mr. Edwards testified that Plaintiff was never an office manager and that Defendant-Employer only had two employees, Michael Edwards and Greg Mack, who was a Business Consultant. Mr. Edwards testified that Defendant operated as a tax processing center in which they allow tax preparers with their own clients to process their taxes in their centers.
9. Mr. Edwards further testified that they required the tax preparers to fulfill IRS requirements. In addition, by being self-employed each preparer had to have a five digit PIN number which is tracked by the IRS. According to Mr. Edwards, they only worked approximately four months out of the year.
10. Defendant contracted with at least four other tax preparers that were classified as sub-contractors. Each sub-contractor started with a set of clients. Mr. Edwards set the preparation fee. Everyone was paid by check every Friday. Mr. Edwards and Mr. Mack kept *Page 5 
track of their hours. Everyone turned in their timesheets to Mr. Edwards or Mr. Mack. Ms. Sneed kept the books and her signature appeared at the bottom of the checks. Ms. Sneed occasionally came into the Charlotte office to check on things, but she mostly worked in the Virginia office. At least three other tax preparers worked as contractors out of the Virginia office.
11. Tiffany Patterson was the Office Manager at the sister office on Eastway Drive in Charlotte, North Carolina. On October 16, 2007, Ms. Patterson prepared a letter for Plaintiff in which she provided misleading information regarding Plaintiff's earnings and employment in order for Plaintiff to receive aid from Social Services for which she may not have been entitled. Ms. Patterson stated in the letter that Plaintiff was a seasonal employee with her company, Resource Financial Tax Service, and that Plaintiff made $450.00 per week. Ms. Patterson testified that Resource was a sister company of Defendant-Employer.
12. Gail Bowens testified that she began working with Defendant-Employer in 2007 as a tax preparer. Ms. Bowens first interviewed with Greg Mack and then later interviewed with Mr. Edwards. Mr. Edwards and Mr. Mack informed Ms. Bowens that she would receive $30 to $40 per tax return. Ms. Bowens worked at Defendant-Employer and another location when she prepared various tax returns.
13. Plaintiff claimed that while working for Defendant on March 19, 2008, Ms. Bowens came to Plaintiff's office to obtain information on a client. Ms. Bowens needed this information to complete the tax forms she was working on at the other office on South Boulevard. Plaintiff testified that she asked Ms. Bowens to leave and that Ms. Bowens struck Plaintiff in her left eye with an ink pen. Plaintiff testified that she called Tiffany Patterson, the Office Manager at the sister office on Eastway Drive, and reported the assault. Plaintiff also *Page 6 
called the police. Plaintiff did not notify Ms. Sneed.
14. Plaintiff was taken to Carolinas Medical Center where she received 4 stitches. The initial diagnosis was a contusion and bruising of the optical nerve. Plaintiff was ultimately diagnosed as having an embolism and a central retinal artery occlusion. Dr. Ridley examined Plaintiff three months post accident and determined that Plaintiff is completely blind in her left eye.
15. An incident report filed on March 13, 2008 with the Charlotte-Mecklenburg Police Department by Plaintiff noted that Plaintiff had minor injuries of bruises and scratches and that Plaintiff refused medical treatment.
16. On October 31, 2009, Ms. Bowens prepared a written statement indicating that on March 19, 2008 she and Plaintiff had words over a client's taxes. Ms. Bowens claims that as she was leaving the building, Plaintiff ran after her with her fist in the air, knocking her down, kicking her, and breaking her glasses. Ms. Bowens claims that as she was knocked down she fought back striking Plaintiff with a pen.
17. On October 30, 2009, Ms. Tiffany Patterson noted that she received a call from Ms. Bowens on March 19, 2009, where she indicated that she used her paperwork in hand in an attempt to defend herself from Plaintiff. Ms. Patterson further indicated that Plaintiff had on other occasions stated that she was going to beat up and get Ms. Bowens. Ms. Patterson also stated that Plaintiff made threatening calls to Ms. Bowens requesting money following the incident. Ms. Bowens testified that Plaintiff threatened to press charges against her if she did not help her with money. When Ms. Bowens refused to give Plaintiff money, Plaintiff filed assault charges against Ms. Bowens.
18. Plaintiff claims that as a result of the alleged assault, Plaintiff has no vision in her *Page 7 
left eye and blurred vision (20/30) in her right eye. Plaintiff has not worked since the date of accident.
19. Based upon the entire evidence of record, the Full Commission finds that neither Plaintiff nor Ms. Bowens are credible.
20. The greater weight of the evidence fails to show that Defendant had three or more regular employees at the time of Plaintiff's alleged injury and that Plaintiff was not an employee of Defendant.
21. Furthermore, even if Plaintiff was an employee of Defendant, based upon the greater weight of the evidence, Plaintiff has failed to prove that she suffered an injury while in the course and scope of her alleged employment.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Based upon the greater weight of the testimony, Defendant Janiyah Shoe Forum, LLC d/b/a Jumpstart Tax Services did not have three or more employees regularly employed at the time of Plaintiff's injury on March 19, 2008. Accordingly, Defendant is not subject to the Workers' Compensation Act and the Industrial Commission does not have jurisdiction over this Defendant. N.C. Gen. Stat. § 97-2(1).
2. Even if Defendant was covered under the Workers' Compensation Act, Plaintiff has failed to prove that she is an employee of Defendant. An injured person is entitled to workers' compensation benefits under the North Carolina Workers' Compensation Act only if he is an employee of the party from whom compensation is sought.Barber v. Going West Transp., *Page 8 Inc., 134 N.C. App. 428, 517 S.E.2d 914 (1999); Williams v.ARL, Inc., 133 N.C. App. 625, 516 S.E.2d 187 (1999). The actual relationship between the parties is determinative, not how the parties may have designated their relationship.Youngblood v. North State Ford Truck Sales,321 N.C. 380, 364 S.E.2d 433 (1988); Williams v. ARL, Inc.,supra. In Hayes v. Elon College,224 N.C. 11, 29 S.E.2d 137 (1944), the North Carolina Supreme Court held that the dominant indicator in the determination of whether a worker is an independent contractor or an employee is whether the employer has authority to control how the worker accomplishes the tasks to be completed. Id. The Court stated that while no one factor is controlling and the presence of all factors is not required, the eight factors to be considered when deciding the degree of control exercised by an employer in each situation include whether:
 The person employed (a) is engaged in an independent business, calling or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time. Id. at 16, 29 S.E.2d at 140.
3. The greater weight of the evidence shows that Plaintiff was not an employee of Defendant Janiyah Shoe Forum, LLC d/b/a Jumpstart Tax Services at the time of her alleged accident on March 19, 2008, but instead was an independent contractor. Id. Therefore, Plaintiff is not entitled to benefits pursuant to the North Carolina Worker's Compensation Act, and the North Carolina Industrial Commission does not have jurisdiction over this claim. N.C. Gen. Stat. § 97-2.
4. Even if Plaintiff was an employee of Defendant, Plaintiff has failed to meet her burden of proving by the greater weight of the evidence that she sustained a compensable injury *Page 9 
by accident arising out of and in the course of her employment with Defendant on or about March 19, 2008. N.C. Gen. Stat. §§ 97-2(6),97-2(9); Harvey v. Raleigh Police Depart.,96 N.C. App. 28, 384 S.E.2d 549, disc. rev. denied,325 N.C. 706, 388 S.E.2d 454 (1989); Gaddy v. Kern,17 N.C. App. 680, 195 S.E.2d 141, 143, cert. denied283 N.C. 585, 197 S.E.2d 873 (1973).
5. Plaintiff must establish both the arising out of and in the course of requirements to be entitled to compensation.Roberts v. Burlington Indus., Inc.,321 N.C. 350, 364 S.E.2d 417 (1988). In order to show that an injury arose out of employment, the injury must have been a natural and probable consequence of the employment so that there is some causal relation between the accident and the duties of employment.Didly v. MBW Investments, Inc.,152 N.C. App. 65, 566 S. E. 2d 759 (2002). An accident arises in the course of the employment when it occurs while the employee is engaged in some activity or duty which he is authorized to undertake and which is calculated to further, directly or indirectly, the employer's business. Perry v. American Bakeries Co.,262 N.C. 272, 136 S.E.2d 643 (1964). In the case sub judice, the greater weight of evidence shows that plaintiff's March 19, 2008 alleged accident was not a natural or probable consequence of her employment with Defendant. As such Plaintiff's claim is not compensable under the North Carolina Workers' Compensation Act. Id.
 ***********
Based upon the foregoing Stipulations, Findings of Fact, and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for workers' compensation benefits is denied.
2. Each side shall pay its own costs of this proceeding.
This is the 17th day of November 2010.
 S/___________________ STACI T. MEYER COMMISSIONER
 CONCURRING: S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ LINDA CHEATHAM COMMISSIONER
 *Page 1